569 So.2d 1247 (1990)
James Roger HUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 74201.
Supreme Court of Florida.
October 11, 1990.
*1248 Larry Helm Spalding, Capital Collateral Representative, and Julie D. Naylor and K. Leslie Delk, Staff Attys., Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
EHRLICH, Justice.
James Roger Huff, a state prisoner under sentence of death, files an appeal from the trial court's order striking his motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant was indicted for the first-degree murder of his parents on June 2, 1980. Trial began on October 2, 1980, and the jury found appellant guilty on both counts. The jury recommended death on both counts. The trial judge sentenced appellant to death on both counts. This Court reversed the convictions and sentences on the basis of prosecutorial misconduct and remanded for a new trial. Huff v. State, 437 So.2d 1087 (Fla. 1983). On retrial, appellant was again convicted and sentenced to death on both counts. This Court then affirmed the convictions and the sentences. Huff v. State, 495 So.2d 145 (Fla. 1986).
On December 2, 1988, appellant filed a motion to vacate judgments and sentences pursuant to rule 3.850, Florida Rules of Criminal Procedure. This motion was signed by Julie D. Naylor.[1] Filed with the motion to vacate on December 2, 1988, was a motion to admit counsel pro hac vice, requesting the trial court to admit Julie D. Naylor as pro hac vice counsel of record. The trial court entered an order on February 29, 1989, striking the motion to vacate judgment from the record as being null and void, finding:
1. Said Motion was signed by Julie D. Naylor, attempting to represent the defendant, James Roger Huff.
2. Julie D. Naylor is not an attorney authorized to practice law in the State of Florida as evidenced by the MOTION TO ADMIT COUNSEL PRO HAC VICE filed by Larry H. Spalding and the AFFIRMATION IN SUPPORT OF PRO HAC VICE APPLICATION signed by Julie D. Naylor.
The trial court apparently concluded that Naylor was without authority to sign the motion since she was not a member of The Florida Bar. The trial court did not rule on the motion to admit Naylor pro hac vice. Huff filed a motion for rehearing on March 14, 1989. This motion was denied by the trial court on March 15, 1989.
*1249 Appellant argues that the trial court erred in striking the motion to vacate on the basis that it was signed by Naylor without ruling on the motion to admit pro hac vice and that the procedure followed by the trial court violated his due process rights. We agree. Under the circumstances at hand, the trial court should have first ruled upon the motion to admit pro hac vice before considering the rule 3.850 motion to vacate.
The Florida Rules of Criminal Procedure do not contain a rule which makes provision for appearance or representation by a foreign attorney. However, rule 2.060(b), Florida Rules of Judicial Administration, provides:
(b) Foreign Attorneys. Upon motion filed with a court showing that an attorney is a member in good standing of the bar of another state, attorneys of other states may be permitted to appear in particular cases in a Florida court. A request for an appearance shall be submitted before oral arguments in an appellate court proceeding and before trial in a trial court. Attorneys of other states shall not do a general practice unless they are members of The Florida Bar in good standing.
Likewise, rule 9.440(a) of the Florida Rules of Appellate Procedure provides:
(a) Foreign Attorneys. Attorneys who are members in good standing of the bar of another jurisdiction may be permitted to appear in a proceeding if a motion to appear has been granted.
The Committee Notes to rule 9.440(a) make clear that "[t]his rule leaves disposition of motions to appear to the discretion of the court."[2] Where the action of the trial court is discretionary, the order of the lower court will not be disturbed on appeal unless an abuse of discretion is clearly shown. See West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla. 1958). The following statement of the test for review of a judge's discretionary power has been cited with favor by this Court:
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.
Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980), (quoting Delno v. Market Street Ry. Co., 124 F.2d 965, 967 (9th Cir.1942)). The Court further observed that
[t]he discretionary power that is exercised by a trial judge is not, however, without limitation.... The trial court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result. The trial courts' discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner.
Canakaris, 382 So.2d at 1203 (emphasis added). We conclude that a denial of the motion to admit pro hac vice would have been an abuse of discretion under the circumstances of the present case.
As previously noted, the trial court never ruled that Naylor was not qualified to or otherwise should not be allowed to appear on a pro hac vice basis. Naylor's affirmation in support of the motion indicated that at the time the motions were filed, she was employed as an attorney with the office of the Capital Collateral Representative, was a member of the bars of the state of Wyoming and United States District Court for the District of Wyoming, and had also been admitted to the bar of the United States Supreme Court.[3] There was no objection by the state to admitting Naylor as pro hac vice counsel of record in this action.
Although the denial of such a motion is within the discretion of the trial *1250 court, the ruling should be based on matters that appear of record before the court. For example, something which casts doubt upon whether the applicant is actually a member of the bar of another jurisdiction or whether, if such a member, the applicant is a member in good standing, may support a denial of the motion. See Fla.R.App.P. 9.440(a). In the case at bar, nothing appears of record which would be a basis for denial of the motion pro hac vice.[4]
We agree with appellant that, under the circumstances, to strike his rule 3.850 motion prior to a proper consideration of and ruling on the motion pro hac vice simultaneously filed therewith violates his due process rights. "Due process envisions a law that hears before it condemns, proceeds upon inquiry, and renders judgment only after proper consideration of issues advanced by adversarial parties. In this respect, the term `due process' embodies a fundamental conception of fairness that derives ultimately from the natural rights of all individuals." Scull v. State, 569 So.2d 1251, 1252 (Fla. 1990) (citations omitted). We believe that the approach taken by the trial court in addressing appellant's motion violated these basic requirements of due process. The trial court should have first considered the motion to admit Naylor. The motion to admit should have been granted under these circumstances and the trial court should have then proceeded to consider appellant's rule 3.850 motion. We therefore find it necessary to remand this cause to the trial court.
For the purpose of guidance on remand, we address one additional issue. On the same date that Huff filed a motion for rehearing arguing the trial court erred in striking the motion to vacate, March 14, 1989, Huff also again filed the motion to vacate signed by Larry H. Spalding. On March 16, 1989, the trial court issued an order denying the subsequent motion to vacate. In so denying, the trial court made the following reference to the initial motion to vacate which had been signed by Naylor:
3. That an attempted MOTION TO VACATE JUDGMENT AND SENTENCE WITH SPECIAL REQUEST FOR LEAVE TO AMEND was filed in this cause dated 2 December, 1988, said date being more than two years after the Judgment and Sentence became final.
The trial court's conclusion that the initial motion to vacate was untimely is erroneous.
Rule 3.850, Florida Rules of Criminal Procedure, provides that a motion for relief pursuant to that rule must be filed within "two years after the judgment and sentence become final." If a writ of certiorari is filed with the United States Supreme Court, the two-year time period does not begin to run until the writ is finally determined. Burr v. State, 518 So.2d 903, 905 (Fla. 1987), vacated on other grounds, 487 U.S. 1201, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988). If no writ of certiorari is filed with the United States Supreme Court, as in the case at bar, the judgment and sentence become final when direct review proceedings are completed and jurisdiction to entertain the motion for postconviction relief returns to the trial court. Until this Court issues its mandate, the trial court has no jurisdiction to consider a motion to vacate filed pursuant to Rule 3.850. Therefore, in cases where no writ of certiorari is filed with the United States Supreme Court, the two-year period for filing a motion pursuant to rule 3.850 commences when this Court issues mandate. See Scull v. State, 569 So.2d 1251 (Fla. 1990). See also Hilbert v. State, 540 So.2d 227 (Fla. 5th DCA 1989); Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987). In the instant case, mandate issued on December 2, 1986. Pursuant to rule 2.030(b)(5), Florida Rules of Judicial Administration, and rule 9.340(a), Florida Rules of Appellate Procedure, notification of the issuance of mandate was made by the Clerk of this Court. This notification *1251 informed Huff that any motion pursuant to rule 3.850 should be filed on or before December 2, 1988, such date being two years from the date of final disposition of his appeal before this Court. The motion was timely filed on December 2, 1988.
Accordingly, we reverse the order of the trial court striking Huff's initial motion. We remand to the trial court for consideration of Huff's rule 3.850 motion to vacate.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs with an opinion.
McDONALD, Justice, concurring.
I concur. At the same time, I believe we should review and substantially shorten the time for filing 3.850 motions in capital cases.
NOTES
[1] Naylor was employed as of April 11, 1988 as an attorney with the Florida Office of the Capital Collateral Representative to represent capital prisoners in the state of Florida during state and federal collateral, habeas corpus, and appellate proceedings.
[2] See also rule 1-3.2, Rules Regulating The Florida Bar ("A practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business upon such conditions as the court deems appropriate under the circumstances of the case.").
[3] Subsequent to the filing of these motions, Naylor was admitted to The Florida Bar.
[4] While Naylor did not seek permission to appear as counsel until the date the rule 3.850 motion to vacate was filed, the more preferable procedure would have been, as the state asserts, to undertake filing early enough within the two-year period provided by rule 3.850 to permit refiling in the event the court refuses to grant such status.