PER CURIAM.
James L. Hall (Hall) challenges an order by which his motion pursuant to Florida Rule of Criminal Procedure 3.850 was summarily denied as untimely. We reverse.
Hall’s motion was received by the clerk of court on November 4, 1996. The trial court denied the motion because it believed that the two-year time period for filing such motions expired two days earlier on November 2, 1996. However, under the “mailbox rule” articulated in Haag v. State, 591 So.2d 614, 617 (Fla.1992), appellant’s motion was deemed filed on October 31, 1996, the date when he gave the motion to prison officials to be notarized and then mailed, making the motion timely.[1] The State concedes, correctly so, that the motion was timely filed. Therefore, we reverse and remand the matter to the trial court for consideration of appellant’s motion.[2]
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. Hall appealed from his original conviction and we affirmed, issuing the mandate in that case on October 31, 1994. Hall v. State, 643 So.2d 1085 (Fla. 1st DCA 1994). Appellant had two years from that date to file his Rule 3.850 motion for postconviction relief. See Huff v. State, 569 So.2d 1247 (Fla.1990). The motion was filed on the last day of the two-year period prescribed by Rule 3.850.

. We express no opinion about the merits of appellant’s motion.