751 So.2d 680 (2000)
STATE INDUSTRIES, INC., Petitioner,
v.
Charity Starlene JERNIGAN, etc. et al, Respondents.
No. 5D99-3352.
District Court of Appeal of Florida, Fifth District.
January 28, 2000.
Rehearing Denied March 1, 2000.
*681 Sharon Lee Stedman, of Sharon Lee Stedman, P.A., Orlando, and J. Scott Kirk and David B. Shelton, of Rumberger, Kirk & Caldwell, Orlando, for Petitioner.
No Appearance for Respondents.
HARRIS, J.
State Industries, Inc. asks for certiorari review of the trial court's revocation of pro hac vice status of one of its attorneys. Ludwig Kolman, an Illinois attorney much experienced in flammable vapor cases, was employed by defendant State Industries to assist local counsel in the defense of this product liability action. The court, on motion, granted Kolman the privilege of appearing for defense in this case.
At a deposition, Kolman repeatedly called plaintiffs' counsel "a liar" and emphasized that the reference was "on the *682 record." Because of this unprofessional conduct on the part of Kolman, plaintiffs moved to have Kolman's authority to appear in the case revoked. The trial court, after a hearing, granted the motion and removed Kolman from the case. We deny certiorari.
The decision as to whether to grant pro have vice status to an out-of-state attorney is within the sound discretion of the trial court. See Huff v. State, 569 So.2d 1247 (Fla.1990). Likewise, in our view, is the decision to revoke the privilege once given.
Defense relies on the disciplinary action of The Florida Bar v. Martocci, 699 So.2d 1357 (Fla.1997), and asserts that the Florida Supreme Court has determined that calling opposing counsel, more or less, the posterior opening of the alimentary canal and further suggesting that he should commit a sex act upon himself[1] is not an ethical rules violation prejudicial to the administration of justice. Surely, urges the defense, if the conduct in Martocci does not violate the Florida Rules of Professional Conduct, merely calling opposing counsel a liar should not do so. Although we concede that Martocci's comments to and about opposing counsel rank high on any misconduct scale, the appropriate conduct of a Florida lawyer is not the test applicable to this case.
A Florida lawyer in good standing has a "right" to appear in court. No special permission is required. Although the Florida lawyer's right to so appear is not absolute (it may be forfeited under certain circumstances, such as egregious misconduct or unfairness to the opposing side because of an improper discovery violation), such right to appear is rarely denied and rightfully so. The out-of-state lawyer, on the other hand, has no absolute right to appear as counsel in Florida. When consent to such appearance is given, the only control over such counsel's conduct is in the hands of the trial judge. The Florida Bar is not involved.
It is not necessary that in order to revoke pro hac vice credentials that a trial judge find that the conduct in question amounted to an ethical violation under the Florida Rules of Professional Conduct. Nor must the court await conduct that would require a mistrial or justify a reversal on appeal in order to act. A trial court may revoke the status of pro hac vice whenever it appears that counsel's conduct during any stage of the proceeding, including the taking of depositions, adversely impacts the administration of justice. In this case, unlike the offending words in Martocci which occurred after the deposition, counsel was called a liar "on the record" during a deposition of an expert witness, which may very well have affected the deposition.
We see no reason to intervene in this cause.
Denied.
ANTOON, C.J., and COBB, J., concur.
NOTES
[1] Admittedly the original text had more force. We sanitize Martocci's actual comments in the name of judicial decorum.