962 So.2d 357 (2007)
McCLOSKEY CONSTRUCTION CORP., Appellant,
v.
TOCO HOMES, INC., Equitymax, Inc., Tony B. Brown and Lenise D. Brown, and Chase Manhattan Mortgage Corp., Appellees.
No. 3D06-2396.
District Court of Appeal of Florida, Third District.
July 18, 2007.
Deborah Marks, Miami, for appellant.
*358 Smoler Lerman Bente Whitebook and Carlos D. Lerman, Hollywood, for appellees.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The Plaintiff, McCloskey Construction Corp. ("McCloskey"), appeals the trial court's order denying its motion for attorney's fees under section 57.105, Florida Statutes (2006). We affirm.
We find that the trial court did not abuse its discretion in denying McCloskey's motion for attorney's fees under section 57.105. See Gallagher v. Dupont, 918 So.2d 342, 349 (Fla. 5th DCA 2005) (citations omitted)(reviewing a trial court's order denying a motion for attorney's fees for an abuse of discretion). Accordingly, we affirm the trial court's order denying McCloskey's motion for attorney's fees under section 57.105.
Affirmed.
RAMIREZ J, concurring.
We affirm the denial of attorney's fees under section 57.105, Florida Statutes (2006), where plaintiff, McCloskey Construction Corp., filed a simple complaint against defendant Toco Homes, Inc. to foreclose on a final judgment in the amount of $7,654.60 that had been entered against Izola Dennard. It alleged that the defendant had acquired record title to Dennard's property after the judgment lien had been recorded. The defendant answered, denying that it owned the subject property or that it owed the money.
After plaintiff had filed its lis pendens, Toco Homes transferred the property to Tony B. Brown and Lenise D. Brown, necessitating the filing of an amended complaint to add them as defendants, as well as the mortgage company. The Browns alleged, as an affirmative defense, that the real estate constituted the homestead property of Izola Dennard and the judgment lien could therefore not attach to the real property.
Shortly thereafter, plaintiff furnished the defendants with the 21-day notice required under section 57.105. The plaintiff explained that the judgment was for repair work done on the real estate in question, and thus it was immaterial whether it was the homestead property of Dennard because article X, section 4(a) of the Florida Constitution, made the property exempt from forced sale. This provided for an exception for obligations contracted for the improvement or repair on the realty. Because the defendants refused to abandon their affirmative defense that the property was exempt from forced sale as homestead property, plaintiff was forced to re-open Dennard's estate to seek a declaratory judgment and also had to litigate the issue in the general jurisdiction division.
The trial court eventually granted summary judgment in favor of McCloskey, but only after it had incurred fees in excess of the original judgment. The trial judge, however, denied plaintiff's motion for attorney's fees without explanation. We affirm because the trial court did not abuse its discretion. Thus, we have a plaintiff having to expend more money in fees to collect on its judgment and to litigate an affirmative defense where the clear language of the Florida Constitution made it distinctly frivolous.
In Huff v. State, 569 So.2d 1247, 1249 (Fla.1990), the Florida Supreme Court stated that the test for reviewing a judge's discretionary decision was as follows:
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only *359 where no reasonable man would take the view adopted by the trial court.
Id. (quoting Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)). Because my two colleagues on the panel, eminently reasonable jurists, have agreed to affirm, I must accept that no abuse of discretion has been shown. However, I believe that henceforth, no decision denying fees under section 57.105 can possibly be reversed. If the explicit language of the Constitution can be ignored by defendants with impunity, necessitating a minor claim to become a major piece of litigation, I can think of no case where an appellate court can ever provide meaningful review where the trial court has denied fees under this particular statute.