POLEN, J.
 

 The appellant, Jamar Ghent, appeals the post-conviction court’s denial of Ghent’s pro se rule 3.850 motion. This appeal addresses when a judgment and sentence become final for the purpose of a rule 3.850 motion and whether the post-conviction court erred in denying Ghent’s request for an extension of time to file a rule 3.850 motion. We affirm.
 

 Ghent was found guilty and convicted by a jury for three counts of robbery with a firearm and for one count of aggravated assault with a firearm. The trial court sentenced Ghent to life without parole, with a mandatory minimum of life, as a prison releasee reoffender for the robbery charges, and to ten years as a habitual felony offender, with a mandatory minimum of five years, as a habitual felony offender for the aggravated assault charge. Ghent timely appealed, and we affirmed per curiam on November 3, 2004.
 
 Ghent v. State,
 
 886 So.2d 237 (Fla. 4th DCA 2004). We issued our mandate on November 19, 2004.
 

 On November 14, 2006, Ghent filed a pro se “Motion for Enlargement of Time” to file a rule 3.850 motion, in which Ghent requested a ten-day extension so that he could obtain a printout of his inmate trust account pursuant to section 57.085, Florida Statutes (2006). From the summary record, it appears that the post-conviction court did not rule on Ghent’s “Motion for Enlargement of Time.” On November 26, 2006, Ghent filed a pro se rule 3.850 motion, which alleged ineffective assistance of counsel. On January 9, 2007, the court ordered the State to respond. The State responded on June 30, 2008, and argued that Ghent’s motion was procedurally time-barred.
 

 On July 14, 2008, the post-conviction court dismissed Ghent’s rule 3.850 motion as being untimely. The court stated that Ghent had until November 19, 2006, to file his motion, which was two years from the date we issued our mandate, and that
 
 *123
 
 Ghent’s motion was time-barred because he filed it after the two-year period specified in rule 8.850(b). Ghent then filed a pro se motion for extension of time to file a notice of appeal, which the post-conviction court treated as a timely notice of appeal.
 

 On appeal, Ghent, through counsel, claims that his judgment and sentence did not become final until the time expires to file a petition for writ of certiorari in the United States Supreme Court and, therefore, his rule 3.850 motion was timely. Ghent, however, does not claim that he actually petitioned for writ of certiorari, and there is no evidence in the summary record to suggest that he did. Ghent also claims that the trial court should have granted his request for an extension of time to file his rule 8.850 motion.
 

 In
 
 Huff v. State,
 
 569 So.2d 1247 (Fla.1990), the Florida Supreme Court stated with respect to a rule 3.850 motion:
 

 If a writ of certiorari is filed with the United States Supreme Court, the two-year time period does not begin to run until the writ is finally determined. If no writ of certiorari is filed with the United States Supreme Court, as in the case at bar, the judgment and sentence become final when direct review proceedings are completed
 
 and
 
 jurisdiction to entertain the motion for postconviction relief returns to the trial court.... Therefore, in cases where no writ of certiorari is filed with the United States Supreme Court, the two-year period for filing a motion pursuant to rule 3.850 commences when this Court issues mandate.
 

 Id.
 
 at 1250 (citations omitted).
 

 Although the
 
 Huff
 
 court referred to a mandate being issued from the Florida Supreme Court, we hold that the quoted language from
 
 Huff
 
 applies equally to a mandate issued from a district court of appeal when review is not sought in the Florida Supreme Court and no petition for writ of certiorari is filed in the United States Supreme Court.
 

 Because Ghent did not petition for writ of certiorari in the United States Supreme Court, Ghent’s two years for filing a rule 3.850 motion began to run from the date we issued our mandate in Ghent’s direct appeal, i.e., November 19, 2004. Thus, Ghent’s filing on November 26, 2006, was untimely because it was not filed within the two-year period specified in rule 3.850(b), and the post-conviction court properly dismissed Ghent’s motion.
 

 We next address Ghent’s second argument, that the post-conviction court should have granted his pro se “Motion for Enlargement of Time.” A post-conviction court may extend the time for filing a rule 3.850 motion upon a showing of good cause if the request for an extension is made before the expiration of the two-year period specified in rule 3.850.
 
 State v. Boyd,
 
 846 So.2d 458, 460 (Fla.2003);
 
 see also
 
 Fla. R.Crim. P. 3.050(1) (2006). “Good cause” means “a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on another’s advice.”
 
 Boyd,
 
 846 So.2d at 460 (quoting
 
 In re Estate of Goldman,
 
 79 So.2d 846 (Fla.1955)) (internal brackets omitted). We conclude that Ghent failed to show good cause.
 

 Ghent sought an extension because he claimed that he was waiting for a printout of his inmate trust account, citing section 57.085. Presumably Ghent sought this printout under the mistaken belief that he must establish his indigence before he could file a rule 3.850 motion. Section 57.085, however, applies to prisoner civil suits, not criminal or collateral criminal proceedings. § 57.085(10), Fla. Stat. (2006)
 
 *124
 
 (“This section does not apply to a criminal proceeding or a collateral criminal proceeding.”). Furthermore, the model form for rule 3.850 motions
 
 that Ghent used
 
 plainly states in the instructions, “[n]o filing fee is required when submitting a motion for postconviction relief.”
 
 See
 
 Fla. R.Crim. P. 3.987 (2006).
 

 Ghent’s sole ground for seeking an extension — seeking proof of his indigence — is rebutted both by the plain language of the statute he cites in support of his motion and by the instructions on the first page of the model form that he used for his rule 3.850 motion. Both of these sources establish that proof of indigence is not required for a rule 3.850 motion; thus, Ghent did not establish good cause for seeking an extension to file his rule 3.850 motion. Finally, where the appellant filed a motion for extension of time five days before the expiration of the two-year period, without any means of bringing it to the court’s attention and obtaining a timely ruling, the trial court’s denial (or failure to rule) would hardly constitute an abuse of discretion.
 

 Affirmed.
 

 WARNER and STEVENSON, JJ„ concur.