PER CURIAM.
Appellants, Trans Health Management, Inc. (“THMI”), and its former parent company Trans Healthcare, Inc. (“THI”), appeal from an adverse $900 million final judgment entered following a trial on damages at which they were not represented by counsel. Concluding that the trial court abused its discretion by denying and striking the motion of non-Florida attorney Maria Ellena Chavez-Ruark to appear pro hac vice on Appellants’ behalf, we reverse the final judgment and remand for a new trial. Because we reverse on this basis, we do not address the trial errors Appellants assert — some of which potentially constitute fundamental error.

Background

In June 2006, Appellee Joseph Webb (‘Webb”), through his limited guardian, filed a complaint against Appellants and twenty other co-defendants, alleging negligent treatment while he was a patient at the University Place Care and Rehabilitation Center nursing home, in Gainesville, Florida. Webb alleged that nursing home staff actions or inaction caused him to suffer severe bedsores and a below-the-knee amputation. Subsequently, the trial court granted leave to add a claim under section 415.1111, Florida Statutes, for abuse, neglect, or exploitation of a vulnerable adult. Webb also sought to add a claim for punitive damages. The trial court dismissed the section 415.1111 claim with prejudice and denied the request to add punitive damages.
Subsequently, in January 2009, a Maryland court appointed a receiver over the assets of THI and its related entities. THI had previously sold its interest in THMI, but continued handling the defense for THMI. The Maryland court set a claims bar date by which all creditors of the receivership estate were to have filed a notice of claim against the estate. When Webb filed no notice by the deadline, the receiver determined there was no longer a need to defend the instant lawsuit, and it accordingly discharged Appellants’ counsel.
A successor judge was assigned to the case, and the court granted trial counsel’s motion to withdraw as to THI in November 2010 and as to THMI in January 2011. It ordered that all subsequent papers be served on counsel for the receiver, Chavez-Ruark, who is licensed in Maryland.
Webb obtained leave from the successor judge to amend the complaint to re-assert the section 415.1111 claim and, later, to add a punitive damages claim. Having discharged counsel, Appellants filed no answer to Webb’s amended complaint, and on September 19, 2011, the trial court entered defaults against Appellants on all three claims — negligence, exploitation, and punitive damages. Trial was then set sole *1154 ly to determine the amount of compensatory and punitive damages.
On the morning of trial, February 6, 2012, Appellants filed: (1) a motion to vacate the defaults; (2) a motion for continuance; (3) a motion seeking permission for Chavez-Ruark to appear pro hac vice; and (4) Florida attorney Hala Sandridge’s notice of appearance to serve as local counsel of record. All three of the motions were signed by foreign attorney Chavez-Ruark. The trial court inquired of Chavez-Ruark as to why the pro hac vice request was made so late. Chavez-Ruark responded that a settlement with Webb and other plaintiffs had been pending approval from the receivership court since December 27, 2011. But, on January 26 (roughly ten days before trial), the receivership court disapproved the settlement involving Webb. Chavez-Ruark asserted that disapproval of the settlement freed up receivership estate funds to pay for the defense of the instant case, and that, until the settlement was disapproved, the estate was on the hook for those settlement monies. The receiver could not use estate funds, otherwise earmarked for settlement, to pay for the defense.
The trial court then asked Chavez-Ruark for what purpose(s) she sought to appear pro hac vice. She advised the court she would argue motions to vacate the defaults; if unsuccessful, she would ask to continue the trial “to allow our counsel to get up to speed.” The court replied that waiting until the last minute was “frankly unacceptable” and stated it would not let Chavez-Ruark appear. When Chavez-Ruark attempted to provide additional information, the court refused to hear any further argument from her. The court then asked Sandridge if her purpose was merely to sponsor the pro hac vice motion. Sandridge acknowledged that she was not retained, or prepared, to defend the case, but stated she assumed she “would be here with” Chavez-Ruark during trial. Upon request from Webb’s counsel, the court struck the pro hac vice motion and the notice of appearance. Chavez-Ruark and Sandridge then left defense counsel’s table.
The trial on damages proceeded, lasting three days, with no attorney present to represent the defendants. The jury returned a $900 million verdict for Webb: $100 million in compensatory damages on the negligence claim; $100 million in compensatory damages on section 415.1111 exploitation claim; and $700 million in punitive damages.

Analysis

Appellate review of the denial of a motion to appear pro hac vice is for abuse of discretion. See Huff v. State, 569 So.2d 1247, 1249 (Fla.1990).
Florida Rule of Judicial Administration 2.510(a) requires a foreign attorney seeking pro hac vice admission to file a verified motion to appear. A legally sufficient motion is one that complies with the requirements of rule 2.510(b) and the form provided therein. See Fla. R. Jud. Admin. 2.510(b)(l)-(8). “[A] motion for admission pro hac vice, while subject to the discretion of the trial court, should usually be granted on a pro forma basis if it is facially sufficient and if the attorney is a member in good standing of the bar of another jurisdiction.” THI Holdings, LLC v. Shattuck, 93 So.3d 419, 423 (Fla. 2d DCA 2012). There must be “a legally permissible basis for denying admission pro hac vice.” Id. at 424. “In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions.” Fla. R. Jud. Admin. 2.510(a). The rule also provides five circumstances under which a foreign attorney *1155 is not permitted to appear. See Fla. R. Jud. Admin. 2.510(a)(l)-(5). “Although the denial of such a motion is within the discretion of the trial court, the ruling should be based on matters that appear of record before the court.” Huff, 569 So.2d at 1249-50. “If there is no reason to deny the motion, the court should defer to the choice made by the party and allow the foreign attorney to appear as counsel.” Philip J. Padovano, Fla. Civil Practice § 6:1 (2012 ed.).
Here, Chavez-Ruark’s motion complied with rule 2.510 and was legally sufficient, which Webb’s counsel appropriately conceded at oral argument before this Court. The trial court relied on none of the bases for denial in rule 2.510. Rather, the court’s reason for denying the motion appears to be that it (along •with the motions to vacate the defaults and for continuance) was filed the morning of trial — a circumstance the court found “frankly unacceptable.” We cannot find, and Webb has not provided, any decision by a Florida appellate court holding or suggesting that the filing of a motion to appear pro hac vice on the day of trial is a legally permissible basis upon which to deny such a motion.
Webb contends the trial court denied the motion, not because Appellants waited until the last minute to file it, but because Appellants’ only reason for seeking Chavez-Ruark’s admission was to delay a long-scheduled trial. Webb further asserts that Chavez-Ruark said she was unprepared to defend the case at trial. On the contrary, Chavez-Ruark never stated she would not sit for trial or was incapable of doing so. She advised the court she intended to seek to vacate the default, and failing that, ask for a continuance; but she did not state this was all she was prepared to do. Indeed, the trial court cut her off midsentence and prohibited her from saying anything further. In our view, even if the court had heard and denied the motions to vacate and for continuance, Chavez-Ruark still could have appeared at trial on Appellants’ behalf, if only for the purpose of raising objections and preserving errors for appellate review. The court’s refusal to permit Chavez-Ruark to appear pro hac vice gave Webb an exclusive three-day audience with the jury, and enabled him to present damning evidence against the unrepresented corporate defendants, unfettered. Under the circumstances present in this case, we conclude the trial court abused its discretion by denying the pro hac vice motion, and that the error requires reversal.
Accordingly, we reverse the final judgment in its entirety, and remand the cause for a new trial. On remand, the court shall first give Appellants the opportunity to re-file and argue their motions to vacate the defaults.
REVERSED and REMANDED with directions.
ROWE and MARSTILLER, JJ., concur.
VAN NORTWICK, J., concurs with separate opinion.