DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERTO ALBERTO CEPERO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3760

[August 12, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562007CF005245C.

Roberto Alberto Cepero, Bowling Green, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the trial court's order denying appellant's motion for return of property, as the state concedes error. The trial court denied the motion as untimely, but the motion was filed while a petition for certiorari of appellant's convictions was pending in the United States Supreme Court. In several related contexts – for calculating the time for filing post-conviction motions under Florida Rule of Criminal Procedure 3.850, and the time for filing motions under the federal Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(1) – courts have held that, if such a petition is pending, the conviction is not final until the U.S. Supreme Court disposes of it. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012) (time for filing under AEDPA); *Huff v. State*, 569 So. 2d 1247, 1250 (Fla. 1990) (time for filing under Rule 3.850). The state agrees that this same logic applies to time for claiming evidence under Chapter 705, which provides that the sixty-day time period begins to run "after the conclusion of the proceeding" under section 705.105(1), Florida Statutes (2013), or "after final disposition of the proceeding" under section 705.101(6), Florida Statutes (2013). We agree with the state that the petition is timely.

*Reversed and remanded for further proceedings.*

WARNER, MAY and KLINGENSMITH, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***