DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VLADIMIR EUGENE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3535

[August 30, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 06-7295CF10A.

Vladimir Eugene, Okeechobee, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

A pro se defendant appeals a trial court order that denied his motion for return of property as untimely filed. He argues the trial court erred in finding the motion untimely when his petition for discretionary review in the Florida Supreme Court was still pending. We agree, and reverse and remand.

The defendant was convicted of first degree murder and sentenced to life in prison. We affirmed his conviction and sentence. *Eugene v. State*, 53 So. 3d 1104 (Fla. 4th DCA 2011). The mandate issued in May 2011. He timely sought review in the Florida Supreme Court; which denied his petition for review on November 29, 2011.

The defendant then filed the subject motion to return property on October 5, 2011, seeking to gain repossession of four categories of items of property impounded as evidence following his arrest. The motion took the form of a letter to the judge. The trial court ordered the Miramar Police Department, the Broward Sheriff's Office, the Clerk of the Circuit Court, and the Office of the State Attorney to file responses stating why the court should not grant the defendant's motion for return of property.

The Broward Sheriff's Office responded that the motion was not filed within sixty days after the conclusion of his case, and argued it was untimely under section 705.105(1), Fla. Stat. (2011). That section provides:

> Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.

*Id.* The Sheriff claimed the defendant had until July 26, 2011 to move for return of his property and that his September 30, 2011 motion was thus time-barred.

The trial court determined the items were in the lawful custody of the clerk or law enforcement agencies, but that the motion was not timely filed. From that order, the defendant now appeals.

The defendant argues the trial court erred when it denied his motion for return of property as untimely because his petition for discretionary review of our opinion remained pending when he filed his motion. The Florida Supreme Court declined to accept jurisdiction on November 29, 2011. *Eugene v. State*, 76 So. 3d 937 (Fla. 2011). His motion therefore was filed prior to the conclusion of his case.

We reversed a trial court order denying a motion for return of property as untimely in *Cepero v. State*, 174 So. 3d 469 (Fla. 4th DCA 2015). There, the defendant moved for return of property while his petition for writ of certiorari to the United States Supreme Court was pending. We held that the defendant's case was not final for purposes of running the sixty-day period for filing the motion for return of property. Here, the defendant's case was similarly not concluded or final when he filed his motion for return of property because his petition for review was pending in the Florida Supreme Court.

The State acknowledges that the defendant timely sought review of our opinion, but suggests the pendency of his petition in the Florida Supreme Court distinguishes this case from *Cepero*. This is a distinction without a difference in the outcome. The defendant's motion for return of property was timely filed. We therefore reverse and remand the case to the trial

court for proceedings consistent with this opinion.

*Reversed and Remanded.*

D<small>AMOORGIAN</small> and K<small>UNTZ</small>, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**