IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HAROLD HAMMOND,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0897

_____/

Opinion filed September 27, 2017.

An appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

Andy Thomas, Public Defender, and Megan Lynne Long, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert Quentin Humphrey, Assistant
Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Harold Hammond appeals his convictions for second-degree murder,

tampering with evidence (clothing and a firearm), possession of a firearm by a

convicted felon, and battery. He raises a single issue: whether the trial court should

have severed his battery count from his other charges, pursuant to Florida Rule of Criminal Procedure 3.152(a)(2)(A). We review the trial court's decision for an abuse of discretion. *Russ v. State*, 832 So. 2d 901, 908 (Fla. 1st DCA 2002).

While the exact timeline of events was disputed throughout Hammond's prosecution, Hammond admitted both before and during trial that, at some point during the evening hours of February 21st and morning hours of February 22nd, 2009, he not only shot and killed his neighbor, Kenneth Solada, but also battered his live-in girlfriend's son, Timothy Mossman. Hammond claimed self-defense as to both, but the jury convicted him on all counts.

On appeal, Hammond argues that his battering Mossman arose from an encounter wholly unrelated to his shooting Solada. He explains the crimes had different victims and took place at different times and places. And, he argues, they had different causes—namely, that he fought with Mossman because of a strained living situation and shot Solada because Solada threatened him with a gun. Hammond claims the charges therefore could not have been joined and that the joinder denied him a fair trial. *See Hart v. State*, 70 So. 3d 615 (Fla. 1st DCA 2011) (holding that joinder can deprive a defendant of a fair trial when evidence of one crime is improperly used to bolster proof of the other). The State counters by arguing that the murder and battery were connected by temporal proximity, physical proximity, and a common motive (Hammond's desire to obtain and use drugs),

2

thereby constituting a single criminal episode and making their consolidation proper. *See Fletcher v. State*, 168 So. 3d 186 (Fla. 2015) (affirming the denial of the defendant's motion to sever when his criminal acts shared temporal proximity, physical proximity, and a common motive). We find the State's argument more persuasive.

The record included evidence that Hammond beat Mossman because Mossman's mother refused to give Hammond money for drugs, and that Hammond murdered Solada because Solada refused to share a bottle of Xanax pills. While Hammond contested these claims throughout his trial (and on appeal), we cannot conclude that the trial court abused its discretion in denying Hammond's motion to sever. Given the facts presented, a reasonable judge could conclude that the crimes were "temporally [and] geographically associated" and "linked in some significant way." *Fletcher*, 168 So. 3d at 202; *see also Trease v. State*, 768 So. 2d 1050, 1053 n.2 (Fla. 2000) ("[D]iscretion is abused only where no reasonable [person] would take the view adopted by the trial court.") (alteration in original) (quoting *Huff v. State*, 569 So. 2d 1247, 1249 (Fla. 1990)). In fact, a reasonable judge could find that the crimes were separated by only a few hours and a few yards. Moreover, a reasonable judge could conclude that severance was not "necessary to achieve a fair determination of guilt or innocence," when the evidence suggested both crimes were

relevant to understanding the motive behind Hammond's entire criminal episode. *Fletcher*, 168 So. 3d at 203.

AFFIRMED.

B.L. THOMAS, C.J., and OSTERHAUS and WINSOR, JJ., CONCUR.