Winokur, J.
Henry Damon Payton appeals his conviction and his judgment and sentence, raising three issues: whether the trial court erred in denying Payton's motion for judgment of acquittal, whether the trial court erred in excluding a third-party confession, and whether a scrivener's error occurred in the judgment and sentence. We affirm on the first two issues, but write to address Payton's claim that the trial court abused its discretion in excluding the third-party confession.* On the last issue, we remand to the trial court with instructions to correct the scrivener's error on Payton's judgment and sentence.
I.
Payton was convicted of two counts of first-degree murder and was sentenced to two consecutive life sentences. Before trial, Payton filed a motion to admit the testimony of Randy Byous regarding an alleged confession to the murders by John Bicknas as a statement against penal interest pursuant to section 90.804(2)(c), Florida Statutes, and on due process grounds pursuant to Chambers v. Mississippi , 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).
During deposition, Byous testified that a few weeks after the murders, he was fishing with Bicknas. Both Byous and Bicknas were drinking alcohol, and Bicknas was under the influence of methamphetamine. According to Byous, Bicknas confessed to the murders during the fishing trip. Byous was not sure whether Bicknas was bragging or trying to be a "tough guy" or "bad ass." In addition, Byous said that a week before the murders, he observed an enraged Bicknas beating on the steering wheel of his car, claiming that the victims had not paid him an outstanding drug debt. Byous also stated that he reported these encounters with Bicknas to the Crimestoppers hotline. Byous was interviewed by police on January 22, 2014. Bicknas was also interviewed by police, and during the interview, Bicknas denied any involvement in the murders and invoked his right to silence.
The trial court ruled that Byous' testimony would be excluded for lack of trustworthiness. Specifically, the trial court stated as follows:
THE COURT: The Court had the opportunity to review case law; review the deposition of Mr. Byous. At the end of the day, I think both parties agree the issue is whether the statement is trustworthy. It was a hearsay statement made by Mr. Bicknas to Mr. Byous about something to the effect of, you *131 know, I did it; you know, I shot one of them and the other one didn't suffer.
And the reasons for the Court's decision to exclude that and the reasons why the Court believes it's not trustworthy is, one, the setting in which the statement was made, it was made among friends, it was while they were engaged in some kind of a fishing activity; and it's undisputed in the deposition that Mr. Bicknas had a drug problem, that he was under the influence of drugs at the time he made the statement, that the drug he was using was methamphetamines and that he was clearly high on that particular evening.
....
THE COURT: -that the Defendant's drug problem had been increasing. I think the witness testified that the-that since the last time that they had really been together-
[PAYTON'S COUNSEL]: You mean Mr. Bicknas, not the-
THE COURT: That was Mr. Bicknas' drug problem had gotten worse over the years. Again, he was under the influence. Also, the witness said that he thought the Declarant Mr. Bicknas was joking about the matter and also that-I think he even made the comment that Mr. Bicknas was just trying to be a, in his words, a bad ass and just bragging about something that wasn't true.
Also, the witness-if I recall there's no physical evidence that links Mr. Bicknas to the scene of the crime or to any of the personal property that belonged to the victims.
And then there was-there was case law or at least suggestions in case law where someone just bragging to somebody, you know, wasn't enough or would indicate a lack of trustworthiness, and so the Court looked at that language. And there was a specific case, I think, that was cited or else I found-I can't remember which-but I think supports the Court's opinion.
And there's no-and there's no corroboration of Mr. Bicknas' statement to Mr. Byous. All we've got when you really boil it down is someone who was high on methamphetamine, talking to his friends and just bragging about something having no idea what he was really communicating because he was under the influence. And even the friend Mr. Byous thought that the Declarant, that being Mr. Bicknas, was, again, simply bragging, and in his words, just trying to be a bad ass.
So for all those reasons, the Court's going to find that, that hearsay statement is not trustworthy and is, therefore, inadmissible.
At trial, Payton again moved for admission of the third-party confession. The trial court reaffirmed its exclusion of the confession.
II.
Payton argues that Bicknas' confession was admissible as a statement against penal interest under the Florida Evidence Code and under Federal due process grounds. A trial court's ruling regarding the admissibility of evidence will not be disturbed absent an abuse of discretion. Pantoja v. State , 59 So.3d 1092, 1095 (Fla. 2011). A trial court abuses its discretion when the decision is "arbitrary, fanciful, or unreasonable." Huff v. State , 569 So.2d 1247, 1249 (Fla. 1990). However, a court's discretion is limited by the Evidence Code and applicable case law, and a court's erroneous interpretation of these authorities is reviewed de novo . McCray v. State , 919 So.2d 647, 649 (Fla. 1st DCA 2006). Similarly, review of a constitutional question is de novo . Henry v. State , 134 So.3d 938, 944-47 (Fla. 2014).
*132 A.
Section 90.804, Florida Statutes, sets forth hearsay exceptions that require a declarant's unavailability, including the common-law hearsay exception regarding "declarations against interest:"
A statement which, at the time of its making, was so far contrary to the declarant's pecuniary or proprietary interest or tended to subject the declarant to liability or to render invalid a claim by the declarant against another, so that a person in the declarant's position would not have made the statement unless he or she believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement.
§ 90.804(2)(c), Fla. Stat. (emphasis added).
The admission of a statement against interest hinges on "whether (1) the declarant is unavailable, (2) the statements are relevant, (3) the statements tend to inculpate the declarant and exculpate the defendant, and (4) the statements are corroborated." Dort v. State , 175 So.3d 836, 840 (Fla. 4th DCA 2015) (citing Voorhees v. State, 699 So.2d 602, 613 (Fla. 1997) ). In addition, Florida courts have held that trial courts "should consider 'the language used and the setting in which the statement was made,' and decide whether the statement is 'consistent with both the defendant's general version of events and the other evidence presented at trial.' " Dewolfe v. State , 62 So.3d 1142, 1145 (Fla. 1st DCA 2011) (quoting Masaka v. State, 4 So.3d 1274, 1282 (Fla. 2d DCA 2009) ). This is consistent with the fourth prong of the Dort test, as well as the trustworthiness requirement found in the text of section 90.804(2)(c).
B.
Notwithstanding these requirements, this Court has made it clear that "judges have a duty to admit evidence that does not fit neatly within the confines of the Evidence Code in order to protect the defendant's right to a fair trial." Curtis v. State , 876 So.2d 13, 19 (Fla. 1st DCA 2004). This rule is rooted in the United States Supreme Court's decision in Chambers noting that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." 410 U.S. at 302, 93 S.Ct. 1038. Consequently, Chambers held that the exclusion of a third-party confession may violate a defendant's constitutional rights to due process and a fair trial. Id. at 302-03, 93 S.Ct. 1038.
The Chambers Court articulated a four-factor test for the admission of a third-party confession: "(1) the confession or statement was made spontaneously to a close acquaintance shortly after the crime occurred; (2) the confession or statement is corroborated by some other evidence in the case; (3) the confession or statement was self-incriminatory and unquestionably against interest; and (4) if there is any question about the truthfulness of the out-of-court confession or statement, the declarant must be available for cross-examination." Bearden v. State , 161 So.3d 1257, 1261 (Fla. 2015) (citing Chambers , 410 U.S. at 300-01, 93 S.Ct. 1038 ).
III.
In this case, the State argues that Payton did not show whether Bicknas was "unavailable" pursuant to section 90.804(2)(c). However, the record is clear that Bicknas invoked his right to silence when police interviewed him about his statement to Byous. A declarant who asserts the Fifth Amendment right against *133 self-incrimination is "unavailable." Henyard v. State, 992 So.2d 120, 126 n.3 (Fla. 2008).
Even if Bicknas were available, the constitutional mandate of Chambers , as recognized by this Court in Curtis , dispenses with any formalistic requirement that the declarant of a third-party confession be unavailable. Therefore, the question before this Court is whether Bicknas' statement to Byous carries the indicia of trustworthiness required by both section 90.804(2)(c) and Chambers .
Bicknas was under the influence of methamphetamine and alcohol when he allegedly told Byous, "[y]ou know I did it, don't you?" Byous also believed that Bicknas was trying to come across as a tough guy. The statement was spontaneous and not prompted by Byous in any way. In addition, on a prior occasion Bicknas alluded to the fact that the victims owed him a drug debt.
While the first, third, and fourth prongs of the Chambers test seem to favor Payton's position that the statement should have been admitted into evidence, the second prong of the test weighs heavily against its admission. 410 U.S. at 300-01, 93 S.Ct. 1038. Similarly, the fourth prong of the Dort test also militates against the admission of Bicknas' statement. 175 So.3d at 840.
At bottom, this is a third-party confession that was made by a declarant under the influence of narcotics and alcohol. Furthermore, Payton concedes that there is no evidence linking Bicknas to the murders. The trial court did not abuse its discretion in determining that the evidence here does not satisfy the corroboration prongs of the Chambers and Dort tests, particularly in light of our ruling in Dewolfe that the trial court must determine whether the statement is consistent with other evidence presented at trial. 62 So.3d at 1145.
Moreover, this Court has noted that a third-party confession made in the context of a declarant bragging to friends must be viewed cautiously. See Curtis , 876 So.2d at 21 (noting that the court "would be more concerned if Butler had been bragging to his friends" in determining whether to admit Butler's confession to law enforcement). It is clear from the record that Byous and Bicknas were long-time friends.
Payton argues that the trial court abused its discretion because it impermissibly weighed Byous' credibility in excluding the statement. Indeed, Florida courts have consistently held that the "trial judge exercises only gatekeeping function, by deciding whether corroborating circumstances show the declaration's 'trustworthiness.' " Dewolfe , 62 So.3d at 1145. As a result, it is the jury's duty to "assess the credibility of an in-court witness who is testifying about [a statement against penal interest]." Bearden , 161 So.3d at 1264 (emphasis added).
In this case, however, the trial court only considered the context, setting, and language of Bicknas' statement. The trial court made no judgment as to Byous' credibility. Again, this is entirely consistent with a trial court's analysis of the trustworthiness of a third-party confession pursuant to Chambers , Dort , and Dewolfe .
IV.
Payton claims that a scrivener's error occurred on the judgment and sentence where it found that Payton committed "first degree murder with a firearm" and, as such, the court erred in denying Payton's motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). A motion to correct a sentencing error is reviewed de novo . Willard v. State , 22 So.3d 864 (Fla. 4th DCA 2009). Rule 3.800(b) allows a defendant to *134 file "[a] motion to correct any sentencing error ... only if the correction of the sentencing error would benefit the defendant or to correct a scrivener's error."
Both Payton's grand jury indictment and the judgment and sentence state that Payton was charged with two counts of "first degree murder with a firearm." The jury verdict form simply found Payton guilty of two counts of first-degree murder, and the jury made no finding that Payton possessed or discharged a firearm. In addition, the trial court did not apply any firearm-related sentencing enhancement pursuant to section 775.087, Florida Statutes. There is no crime entitled "first degree murder with a firearm" in the State of Florida.
Based on these facts, the language of "first degree murder with a firearm" on Payton's judgment and sentence constitutes a scrivener's error. Therefore, we remand with instructions that the trial court enter a corrected judgment and sentence indicating that Payton was convicted of "first-degree murder."
V.
In conclusion, the trial court did not abuse its discretion or violate Payton's constitutional right to a fair trial in excluding the third party confession. Thus, we affirm Payton's conviction and only remand with instructions that the trial court enter a corrected judgment and sentence consistent with this opinion.
AFFIRMED ; REMANDED for correction of scrivener's error in judgment and sentence.
Rowe and Osterhaus, JJ., concur.

Regarding the judgment of acquittal issue, we find that this case is factually distinguishable from Knight v. State , 186 So.3d 1005 (Fla. 2016) ; Hodgkins v. State , 175 So.3d 741 (Fla. 2015) ; Ballard v. State , 923 So.2d 475 (Fla. 2006) ; and Cox v. State, 555 So.2d 352 (Fla. 1989).