# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1324

_____

FLORIDA DEPARTMENT OF
CORRECTIONS and MARK S.
INCH, as Secretary of Florida
Department of Corrections,

     Appellants,

     v.

MIAMI HERALD MEDIA COMPANY,
publisher of The Miami Herald,
JULIE BROWN, and CASEY
FRANK,

     Appellees.

_____


On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

August 9, 2019


WINOKUR, J.

The Florida Department of Corrections (DOC) appeals the trial court's final order finding that the Miami Herald[1]

---

[1] The Appellees are the Miami Herald Media Company and two of the newspaper's journalists, Julie Brown and Casey Frank. This opinion will refer to the Appellees collectively as the Miami Herald.

established good cause to grant the newspaper access to requested prison video recordings. We reverse and find that the trial court abused its discretion in light of the Miami Herald's admission that it no longer needed the footage.

I.

In August 2015, the Miami Herald made separate public records requests asking DOC for specific video footage depicting the area around an inmate's cell at the Suwannee Correctional Institution (the Suwannee footage) and the outside shower area of an inmate dorm at Sumter Correctional Institution (the Sumter footage).

DOC denied both requests, stating that the requested video recordings were confidential and exempt from Florida's public records laws. Specifically, DOC claimed that the footage fell under the "security plan" exemption to Florida's public disclosure laws. §§ 119.071(3)(a) & 281.301(1), Fla. Stat. As a result, the Miami Herald filed a complaint seeking injunctive and mandamus relief requesting that the trial court compel DOC to produce the footage. After reviewing the video footage *in camera* and conducting hearings on the matter, the trial court issued an order finding that the videos fell within the security plan exemption and were exempt from public disclosure.

In April 2016, the Miami Herald filed a motion for reconsideration asking that the trial court reassess its order due to the legislature's then-recent amendments to sections 119.071(3)(a)3.d. and 281.301(2)(d) providing for a "good cause" exception to an exemption from public disclosure. Specifically, the Miami Herald argued that its goal of gathering information regarding inmate treatment at state prisons and reporting it to the public constituted good cause. DOC denied that the newspaper provided sufficient good cause to warrant disclosure of the footage and reiterated its security concerns over its release.

In May 2017, the trial court granted the Miami Herald's motion for reconsideration noting the "awards [Miami Herald journalist Julie Brown] has received for her reporting on Florida's prisons" and concluding that "[d]isclosure of the video recordings

2

in this case, combined with the extremely important right of freedom of the press, in my opinion constitutes good cause." At a subsequent hearing, the Miami Herald advised the trial court that it would no longer wanted the videos as they were no longer newsworthy.

In February 2018, the trial court issued its Final Order noting that the Miami Herald no longer wanted copies of the security footage, but still found that the newspaper had shown good cause to satisfy the exception to the public disclosure exemption laws. As a result, the trial court ruled that DOC was legally obligated to provide the Miami Herald access to the videos.

## II.

Records related to the physical security of a State correctional facility are exempt from disclosure under Florida's public records and safety and security services laws.[2] The applicable statutes provide exceptions to exemption, and in 2016, the Legislature added a provision to the exceptions permitting disclosure "[u]pon a showing of good cause before a court of competent jurisdiction." Ch. 2016-178, §§ 1 and 2, Laws of Fla. (codified at § 119.071(3)(a)3.d.; § 281.301(2)(d), Fla. Stat.).

_____

[2] Section 119.071(3)(a), Florida Statutes exempts from public disclosure "[r]ecords, information, photographs, audio and visual presentations . . . relating directly to the physical security or firesafety of [a] facility" owned or leased by the State of Florida or any of its political subdivisions, as well as private property owned or leased by an agency. Similarly, section 281.301(1), Florida Statutes exempts "[i]nformation relating to the security or firesafety systems for any property owned by or leased to the state or any of its political subdivisions, and information relating to the security or firesafety systems for any privately owned or leased property which is in the possession of any agency" from disclosure under section 119.07(1), Florida Statutes.

The Fourth District recently addressed the application of this "good cause" exception. *State Attorney's Office of Seventeenth Judicial Circuit v. Cable News Network, Inc.*, 251 So. 3d 205, 207 (Fla. 4th DCA 2018). The case involved several media outlets that requested surveillance footage from Marjory Stoneman Douglas High School depicting the mass shooting that occurred there on February 14, 2018 (the Parkland shooting). *Id.* at 207-09. On appeal, the Fourth District affirmed the trial court's ruling that the media had shown "good cause" and that disclosure was necessary "because the narrative provided by 'the authorities' [was] confusing and has shifted and changed over time" noting that "the footage reveals the conduct of public servants 'discharging their assigned duties and responsibilities'" and how the school's security system "failed to protect the students and staff" during the shooting. *Id.* at 215 (quoting *Tribune Co. v. Cannella*, 438 So. 2d 516, 521 (Fla. 2d DCA 1983)).

In particular, the court concluded that "the legislature intended courts to apply a common law approach to 'good cause,' where meaning emerges over time, on a case-by-case basis, and courts arrive at a desirable equilibrium between the competing needs of disclosure and secrecy of government records." *Cable News Network, Inc.*, 251 So. 3d at 214. Accordingly, whether "good cause" exists depends "on the peculiar facts and circumstances of each case" and that "the trial court is in the best position to weigh the equities involved, and *[its] exercise of discretion will be overruled only upon showing of abuse.*" *Id.* (quoting *Donhal v. Syndicated Offices Sys.*, 529 So. 2d 267, 269 (Fla. 1988) (emphasis added)).

We are persuaded by the Fourth District's analysis and review the trial court's Final Order for abuse of discretion.[3] A

---

[3] DOC argues that we should review the question de novo. The case relied upon by DOC, however, does not pertain to the public records and security laws at issue in this case nor does it deal with the meaning of good cause, but rather the meaning of the word "immediate" for purposes of the Administrative Procedure Act. *Sch. Bd. of Palm Beach Cty. v. Survivors Charter Schs., Inc.*, 3 So. 3d 1220 (Fla. 2009). *Cable News Network, Inc.*,

trial court abuses its discretion if its decision is "arbitrary, fanciful, or unreasonable." *Payton v. State*, 239 So. 3d 129, 131 (Fla. 1st DCA 2018) (citing *Huff v. State*, 569 So. 2d 1247, 1249 (Fla. 1990)).

III.

DOC argues that the trial court's articulation of "good cause" is overly broad and eviscerates the "security plan" exemption to Florida's public records law. Specifically, DOC claims that the Miami Herald simply cited the fact that an award-wining journalist was seeking the videos as *per se* "good cause." As a result, the trial court's ratification of Miami Herald's position effectively substitutes the legislature's good cause exception for a "press" exception. The Miami Herald argues that the trial court weighed the factors and equities involved and after reviewing the videos determined that good cause existed to support disclosure.

DOC's position is not entirely unfounded. While the Miami Herald did argue that it "s[ought] access to the videos as part of its process of gathering information about how inmates are treated in our prisons and reporting it to the public," it also stated that its good cause was "self-evident," referencing several articles written by Julie Brown regarding state prisons and the many awards she won.[4]

---

in contrast, directly concerns appellate review of an order ruling on this particular subsection.

[4] In court, the Miami Herald essentially based its good cause on Brown's journalistic accolades:

> [MIAMI HERALD]: Our basis for the good cause is pretty simple, Judge. It's Julie Brown. She has won multiple awards reporting on the prison system; the Department of Corrections and how things are operating. And we gave the Court a list of her awards and as well as copies of her articles.

Moreover, the Miami Herald filed ten articles with the trial court all written by Brown, as well as an affidavit from Brown. The affidavit did not indicate any specific information or reason why the videos were needed. Brown simply reiterated her past journalistic awards and the fact that the videos at issue are "for the purpose of continuing our investigative reporting on Florida's prisons, and continuing to provide the public and the Legislature information which can be used for further reforms of our prison system."

The trial court did reason that access to the videos served a vital public interest that the Miami Herald facilitated by its reporting. We simply note that the Legislature's addition of the "good cause" exception could not have reasonably been meant to create an exception satisfied by personal or institutional notoriety.

In any event, this Court need not decide whether the Miami Herald satisfied the good cause exception, because it disavowed any need for the footage. The newspaper explicitly informed the trial court that it no longer sought the videos because the events were no longer newsworthy and Brown was able to write an article about the Sumter footage. Regardless of whether the Miami Herald's previously-offered reasons for disclosure met the statutory standard, their contention that it no longer wanted the videos because they were no longer newsworthy means that they failed to show good cause sufficient to invoke the exception to exemption. Thus, the Final Order's finding of good cause was unreasonable.

## IV.

Florida law allows for the public disclosure of materials that otherwise would be exempted for security purposes if good cause is shown. The Miami Herald extinguished any claim to good cause when it unambiguously renounced its need for the video footage. Therefore, the trial court abused its discretion by compelling DOC to disclose the video recordings.

REVERSED.

6

LEWIS and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Candy L. Messersmith of Rumberger, Kirk & Caldwell, P.A., Orlando, for Appellants.

Sanford L. Bohrer and Scott D. Ponce, of Holland & Knight, LLP, Miami, for Appellees.