625 So.2d 82 (1993)
KELLER INDUSTRIES, INC., Petitioner,
v.
Eric D. YODER and Diana L. Yoder, Respondents.
No. 93-1428.
District Court of Appeal of Florida, Third District.
September 28, 1993.
Steel, Hector & Davis, and Talbot D'Alemberte and Adalberto Jordan, Miami, for petitioner.
Weaver, Kuvin, Weaver & Lipton, and Ben J. Weaver, Ft. Lauderdale, for respondents.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
Because the record evidence adduced below[1] demonstrates that Paul V. Kaulas, an Illinois attorney in admittedly good standing, has appeared pro hac vice in only three cases in Florida courts in the past three years, we conclude that the trial court abused its discretion in denying the defendant Keller Industries, Inc.'s motion to allow Mr. Kaulas to appear pro hac vice as co-counsel for said defendant in the products liability action below. Contrary to the trial court's finding, it is our view that these limited court appearances in Florida  all on behalf of the defendant Keller Industries, Inc. in product liability cases  do not constitute the general practice of law in Florida requiring that Mr. Kaulas become a member of the Florida Bar. Accordingly, there was no reasonable basis for denying the subject motion which was otherwise properly made pursuant to Rule 2.060(b) of the Florida Rules of Judicial Administration. See, e.g., Huff v. State, 569 So.2d 1247, 1248-49 (Fla. 1990).
Based on the above-stated analysis, the defendant Keller Industries, Inc.'s petition for a writ of certiorari is granted, the order denying the defendant's motion to allow Paul V. Kaulas to appear pro hac vice as co-counsel for Keller Industries, Inc. in the action below is quashed, and the cause is remanded to the trial court for further proceedings.
Petition granted; order quashed; cause remanded.
NOTES
[1] We have not considered the material in the plaintiffs Edward and Diana Yoder's appendix at tabs 1-9 as these materials were never submitted to the trial court and are presented here for the first time on certiorari review. Because these materials are not properly a part of the record in this case, such materials are hereby stricken from the record in this case. See, e.g., Thornber v. City of Ft. Walton Beach, 534 So.2d 754, 755 (Fla. 1st DCA 1988); Rosenberg v. Rosenberg, 511 So.2d 593, 593 n. 3 (Fla. 3d DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988).