733 So.2d 593 (1999)
Albert SROUR, Vera Srour and Elliott Levy, Petitioners,
v.
Raymond SROUR, Sr., et al., Respondents.
No. 99-787.
District Court of Appeal of Florida, Fifth District.
June 4, 1999.
Daniel C. Johnson, of Carlton, Fields, Ward, Emmanuel & Cutler, P.A., Orlando, for Petitioners.
William L. Eagan, of Arnold, Matheny & Eagan, P.A., Orlando, for Respondent, Raymond Srour, Sr.

ON PETITION FOR WRIT OF CERTIORARI
HARRIS, J.
We grant certiorari and quash the order rescinding the authority of Joseph B. Arellano to act pro hac vice as co-counsel with the law firm of Carlton, Fields. Arellano is a lawyer with inactive membership in the Virginia and District of Columbia bars but currently admitted to practice in the U.S. Virgin Islands and before the United States Court of Appeals for the Third Circuit and the United States Supreme Court.
The court below initially admitted the pro hac vice representation but, on motion of the adverse party that petitioner had failed to comply with Rule 2.060(b), withdrew such authority not because of a violation of the rule but because it appeared that Arellano is a family member of one of the litigants. Although there is considerable discretion of the trial judge in reference to admitting lawyers to pro hac vice practice, the decision should not be arbitrary. There is no prohibition against a lawyer representing himself, let alone a family member. The objection to the representation was that Arellano might become a witness in the proceeding, but an affidavit was submitted to the court that such would not be the case because Arellano has no knowledge concerning the merits of the cause.
*594 Respondent has shown no prejudice if Arellano is permitted, along with local counsel, to represent the plaintiffs in this cause. Plaintiffs, retired and living on fixed incomes or limited incomes, have shown prejudice if Arellano, a competent lawyer not billing them on a current basis, is not permitted to assist in their representation.
The disqualification based merely on a relationship with one of the parties is, we believe, an abuse of discretion.
Certiorari is granted and the order rescinding the pro hac vice representation is quashed.
DAUKSCH and PETERSON, JJ., concur.