VILLANTI, Judge.
THI Holdings, LLC, petitions for a "writ of certiorari directed to the trial court’s order that denied its motion to have its out-of-state counsel, Gabor Balassa, appear pro hac vice in this case. Because the trial court applied the incorrect law when considering the motion, we grant the petition, quash the order, and remand with directions to admit Balassa pro hac vice.
The underlying facts are straightforward. Brenda S. Shattuck, as Personal Representative of the Estate of Arlene Anne Townsend, Deceased (the Estate), sued THI Holdings and twenty-five other defendants alleging that all of the defendants were involved in the negligent treatment of Ms. Townsend while she was a patient at the Auburndale Oaks nursing home. THI Holdings retained Balassa, a partner with Kirkland & Ellis, LLP, in Chicago, to represent it in this case because Balassa had represented THI Holdings in other matters in the past. Balassa is an Illinois attorney in good standing with the Illinois bar.
THI Holdings’ local counsel filed a verified motion seeking to have Balassa admitted pro hac vice in Florida, and Balassa submitted an affidavit in support of the motion. The Estate filed a notice of objection to Balassa’s admission. In that notice, the Estate did not contest any of the sworn representations contained in THI Holdings’ motion or Balassa’s affidavit. Instead, the sole basis for the Estate’s objection was its assertion that Balassa had “irreconcilable conflicts of interest.” However, the notice did not explain what conflicts the Estate believed existed or how it had standing to raise these alleged conflicts.
At the hearing on THI Holdings’ motion to admit Balassa pro hac vice, the Estate argued that Balassa should not be admitted because he had previously represented two different entities who were also defendants in the Estate’s action — Trans Healthcare, Inc., and Trans Health Management, Inc.[1] The Estate admitted that the alleged prior representation was in completely separate matters. Additionally, the Estate did not contend that these prior matters were substantially related to the current case. Moreover, the Estate did not argue that Balassa had ever represented either the Estate or any party related to the Estate in any matter whatsoever. Instead, it argued only that Ba-lassa’s prior representation of Trans Healthcare, Inc., and Trans Health Management, Inc., might result in these defendants raising Balassa’s alleged conflict of interest at some point during the current litigation and that, if they did so, it would delay justice for the Estate. Notably, the Estate offered no evidence to support its stated concerns and relied solely on the arguments of counsel concerning these alleged potential conflicts of interest.
*422 In response, THI Holdings argued that the Estate’s concerns did not impact the question of whether Balassa should be admitted pro hac vice. Further, THI Holdings argued that the Estate had no standing to raise alleged conflicts of interest between the various defendants. Nevertheless, the trial court denied THI Holdings’ motion to have Balassa admitted pro hac vice. THI Holdings now seeks certio-rari review of that order.
The standard by which a petition for writ of certiorari is reviewed is quite narrow. A petitioner seeking a writ of common law certiorari “must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.” Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). “Certiorari is available to review orders denying a motion to appear pro hac vice.” Brooks v. AMP Servs., Ltd., 979 So.2d 435, 437 (Fla. 4th DCA 2008); see also Pepsico, Inc. v. Roque, 743 So.2d 160,161 (Fla. 3d DCA 1999) (granting certiorari to review an order denying the admission of attorneys pro hac vice); Keller Indus., Inc. v. Yoder, 625 So.2d 82, 82 (Fla. 3d DCA 1993) (same). The reason for this is a practical one: since neither the lawyer nor his firm are “currently involved in the litigation and he is not otherwise a party,” the lawyer is left “with no remedy on the final appeal of the underlying litigation.” Clare v. Coleman (Parent) Holdings, Inc., 928 So.2d 1246, 1248 (Fla. 4th DCA 2006). Moreover, the effect of the court’s ruling is to deny a party its counsel of choice, which also constitutes a material injury that cannot be remedied on postjudgment appeal. See Akrey v. Kindred Nursing Ctrs. E., LLC, 837 So.2d 1142, 1144 (Fla. 2d DCA 2003). Thus, the only question in this case is whether the trial court departed from the essential requirements of the law when it denied Balassa’s motion for admission pro hac vice.
The supreme court explained the law underlying the admission pro hac vice requirements in Huff v. State, 569 So.2d 1247,1249-50 (Fla.1990):
[R]ule 2.060(b), Florida Rules of Judicial Administration, provides:
(b) Foreign Attorneys. Upon motion filed with a court showing that an attorney is a member in good standing of the bar of another state, attorneys of other states may be permitted to appear in particular cases in a Florida court. A request for an appearance shall be submitted before oral arguments in an appellate court proceeding and before trial in a trial court. Attorneys of other states shall not do a general practice unless they are members of The Florida Bar in good standing.
Likewise, rule 9.440(a) of the Florida Rules of Appellate Procedure provides:
(a) Foreign Attorneys. Attorneys who are members in good standing of the bar of another jurisdiction may be permitted to appear in a proceeding if a motion to appear has been granted.
The Committee Notes to rule 9.440(a) make clear that “[t]his rule leaves disposition of motions to appear to the discretion of the court.” Where the action of the trial court is discretionary, the order of the lower court will not be disturbed on appeal unless an abuse of discretion is clearly shown. See West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958). The following statement of the test for review of a judge’s discretionary power has been cited with favor by this Court:
Discretion, in this sense, is abused when the judicial action is arbitrary, *423 fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.
Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), (quoting Delno v. Market Street Ry. Co., 124 F.2d 965, 967 (9th Cir.1942)). The Court further observed that

[t]he discretionary power that is exercised by a trial judge is not, however, without limitation.... The trial court’s discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result. The trial courts’ discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner.

Canakaris, 382 So.2d at 1203 (emphasis added)....
[[Image here]]
Although the denial of such a motion is within the discretion of the trial court, the ruling should be based on matters that appear of record before the court. For example, something which casts doubt upon whether the applicant is actually a member of the bar of another jurisdiction or whether, if such a member, the applicant is a member in good standing, may support a denial of the motion. See Fla. R.App. P. 9.440(a).
(Footnotes omitted; underline emphasis added.)[2] Cf. Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1559 (11th Cir.1997) (noting that “[a]dmission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the [trial ejourt. An applicant for admission pro hac vice who is a member in good standing of a state bar may not be denied the privilege to appear except ‘on a showing that in any legal matter ... he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court’ ” (quoting In re Evans, 524 F.2d 1004, 1007 (5th Cir.1975))). As the rules and ease law demonstrate, a motion for admission pro hac vice, while subject to the discretion of the trial court, should usually be granted on a pro forma basis if it is facially sufficient and if the attorney is a member in good standing of the bar of another jurisdiction.
Here, THI Holdings filed a facially sufficient verified motion, and Balassa filed a supporting affidavit that asserted that he met the standards for admission pro hac vice. The Estate did not object to Balas-sa’s admission based on any information contained in that motion. Nor did it challenge any of the assertions in Balassa’s affidavit or point to any facts that would “east doubt” on whether he was an attorney in good standing of another bar or otherwise met the qualifications for admission pro hac vice. Thus, the record does not establish any reasonable basis for finding that Balassa was not qualified to be admitted pro hac vice. In the absence of such a reasonable basis, the trial court departed from the essential requirements of the law in denying THI Holdings’ motion.
In this court, as it did in the trial court, the Estate argues that THI Holdings’ motion was properly denied because of potential conflicts of interest Balassa allegedly had with two codefendants. This argument has no merit for several reasons.
*424 First, regardless of any conflicts of interest Balassa may have, those conflicts would not be a basis for denying him admission pro hac vice. Rule 2.510(a) sets forth the requirements for admission pro hac vice, and the absence of conflicts of interest is not among them. Thus, the existence of a potential conflict of interest is not a legally permissible basis for denying admission pro hac vice. See, e.g., Srour v. Srour, 733 So.2d 593 (Fla. 5th DCA 1999) (holding that it was improper for a trial court to revoke an attorney’s pro hac vice status based on an alleged conflict of interest and that his disqualification based on his familial relationship with one of the parties constituted an abuse of discretion); see also Schlumberger Techs., 113 F.3d at 1562-63 (reversing denial of pro hac vice motion because there was no evidence that counsel violated any ethical rules that would justify the denial of admission even though he had interviewed opposing parties as part of a legal audit prior to the pending litigation being started). To the extent that the trial court denied THI Holdings’ motion based on the existence of Balassa’s potential conflicts of interest, the decision constituted an application of the incorrect law, which in and of itself is a departure from the essential requirements of the law that warrants granting certiorari relief. See, e.g., Housing Auth. of City of Tampa v. Burton, 874 So.2d 6, 8 (Fla. 2d DCA 2004) (noting that a departure from the essential requirements of the law “has been held synonymous with a failure to apply ‘the correct law’ ”).
Second, even if Balassa’s potential conflicts of interest were a relevant consideration when deciding a motion for admission pro hac vice, the Estate in this case did not have standing to raise the alleged conflicts. As a general proposition, “a party ... does not have standing to seek disqualification where, as here, there is no privity of contract between the attorney and the party claiming a conflict of interest.” Cont’l Cas. Co. v. Przewoznik, 55 So.3d 690, 691 (Fla. 3d DCA 2011); see also Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046, 1050-51 (Fla. 5th DCA 2004). Here, as a matter of undisputed fact, there is no privity between the Estate and Balassa or his firm. And while there is a limited exception to this standing rule for parties who “stand in the shoes” of a former client, see State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630, 632-33 (Fla.1991), the Estate cannot demonstrate that it has any shoes whatsoever in which to stand to seek disqualification of Balassa. Thus, even if potential conflicts of interest were properly considered by the trial court in making a pro hac vice admission determination, the Estate had no standing to raise those conflicts and thus could not use them as a basis to seek the denial of Balassa’s admission.
Third, even if the Estate could convince this court that it had standing to raise the disqualification issue, it cannot establish the legal requirements for disqualification. A party seeking to disqualify opposing counsel based on a conflict of interest must demonstrate that:
(1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client.
K.A.W., 575 So.2d at 633; see also Kaplan v. Divosta Homes, L.P., 20 So.3d 459, 462 (Fla. 2d DCA 2009).
Here, there is not now and never has been any attorney-client relationship between the Estate and Balassa. Further, *425 none of the Estate’s allegations show that the current litigation is “the same or substantially related to” Balassa’s prior representation of Trans Healthcare, Inc., or Trans Health Management, Inc. Thus, the Estate has not established either of the two required elements necessary to even attempt to successfully seek disqualification of Balassa.
Finally, even if the disqualification issue was properly before the trial court— which it was not — the trial court “departed from the essential requirements of the law by relying on unsworn argument as its only factual basis” for supporting its ruling. Bon Secours-Maria Manor Nursing Care Ctr., Inc. v. Seaman, 959 So.2d 774, 780 (Fla. 2d DCA 2007); see also Akrey, 837 So.2d at 1145 (granting certiorari and quashing an order disqualifying opposing counsel that was based on incompetent affidavits and a “bald assertion” by un-sworn counsel). Here, the Estate filed no verified pleading and no affidavits, and it relied on nothing more than the bald assertions of its counsel to support its argument that Balassa had disqualifying conflicts of interest. Thus, the trial court’s decision to rely on these unsworn assertions constituted a departure from the essential requirements of the law.
For all of these reasons, the trial court departed from the essential requirements of the law when it denied THI Holdings’ motion to admit Balassa pro hac vice. Therefore, we grant the petition for certio-rari, quash the order denying THI Holdings’ motion, and remand for the trial court to admit Balassa pro hac vice.
Petition granted.
LaROSE and CRENSHAW, JJ., Concur.

. The relationship between these three parties is not fully explained in the record. From some of the arguments made at the hearing, it appears that THI Holdings was — at some point — the parent company of Trans Healthcare, Inc., and that Trans Healthcare, Inc., was the parent company of Trans Health Management, Inc. It also appears that both Trans Healthcare, Inc., and Trans Health Management, Inc., are now defunct. However, the exact relationship between these parties and their current status is not pertinent to our analysis.

. While rule 2.060(b) has been renumbered as rule 2.510(a), the general requirements for admission pro hac vice remain the same. In addition, rule 2.510(b) now provides a form motion that the attorney seeking admission pro hac vice must complete and verify.