WARNER, J.
In this petition for writ of certiorari, Information Systems Associates, Inc. (“ISA”), challenges a court order granting respondent, Phuture World, Inc.’s, motion to revoke attorney Daniel J. Dugan’s admission to appear pro hac vice, barring him from appearing or representing any interest in the pending suit between the two parties. The trial court found that Dugan had engaged in the unauthorized practice of law in Florida by representing one of ISA’s witnesses at his deposition and because of a conflict of interest. We conclude that an alleged conflict of interest asserted by someone not a party to the attorney/client relationship is not a ground for revoking the pro hac vice status of a foreign attorney. We also conclude that in this case, the foreign attorney did not provide representation beyond the order authorizing his pro hac vice status. We grant the petition.
This case arises out of a dispute between ISA and Phuture regarding Phuture’s provision of software development for ISA. Phuture wrote source code for ISA, but ISA discharged Phuture and hired Kirk Haynes to perform the work. Haynes was the nephew of one of the principals of ISA and was hired on an hourly basis as an independent contractor. Phuture sued ISA for royalties, because it contended that Haynes used Phuture’s source code. ISA claimed that Haynes had rewritten the entire software program produced by Phuture so that it was not entitled to royalties.
Attorney Dugan, with the law firm of Spector Gadon & Rosen (“SGR”), a Philadelphia law firm with an office in St. Pe-tersburg, Florida, moved for pro hac vice *984 status at the beginning of the case. Du-gan and his firm had represented ISA and its principals for several years. In his motion, Dugan affirmed that he was a member in good standing of three state bars and the District of Columbia Bar. He has never been subject to any disciplinary proceedings. Cory Chandler, of SGR’s St. Petersburg office, and a member in good standing of the Florida Bar, associated with Attorney Dugan for this matter. Attorney Dugan requested permission to appear in the Nineteenth Judicial Circuit “for this cause only.” The court granted the motion.
Nearly two years later, in June 2011, Phuture sought to take the deposition of Haynes. That deposition was coordinated through Dugan’s office, as ISA agreed to produce Haynes without subpoena. Phu-ture sent notice of deposition duces tecum asking Haynes to bring certain documents to the deposition. Dugan appeared at Hayne’s deposition. At the commencement of the deposition, Phuture’s attorney asked for the documents, and Haynes stated that he had not brought the documents on the advice of Dugan. Dugan told counsel that he was advising Haynes for the purposes of the deposition, and he had told him not to bring the documents, because they had already been produced. Later, however, it appeared that Haynes had other documents which were covered by the request which had not been produced. Phuture filed a motion to compel production of those documents. The trial court granted the motion in December 2011.
Three months later, Phuture moved to revoke Dugan’s pro hac vice status, alleging that he had engaged in the unauthorized practice of law by acting as Haynes’ attorney at the deposition and again before the court on the motion to compel. It did not raise any conflict of interest in its motion. The only mention of conflict of interest was by Dugan who said there was no conflict between ISA and Haynes and thus representation of Haynes at the deposition was a normal part of defending ISA in the proceedings. On rebuttal, Phuture pointed to a reference in the deposition where Phuture’s counsel stated to Dugan: ‘You have an apparent conflict here. You represent the Defendant here, as well as the witness.” Dugan responded, “yeah, I do.” The trial court thereafter revoked Dugan’s pro hac vice status both because of unauthorized practice of law and because of a conflict of interest.
Certiorari lies to review the revocation of an attorney’s pro hac vice status. Brooks v. AMP Servs. Ltd., 979 So.2d 485, 487 (Fla. 4th DCA 2008). Not only is a party deprived of its attorney of choice, but the action will have future adverse consequences on the attorney both in this jurisdiction and others. Id. at 438. Moreover, because the attorney is barred from further involvement, he has no remedy on appeal. See THI Holdings, LLC v. Shattuck, 93 So.3d 419, 422 (Fla. 2d DCA 2012). Having established irreparable harm not remediable on appeal, the petitioner must also establish that the trial court departed from the essential requirements of law. Id. at 424. Where the record does not provide any basis for denying pro hac vice status or for revoking it, the trial court has failed to follow the essential requirements of law. Id.
The trial court concluded that a conflict of interest was shown based upon an admission by Dugan at the deposition, requiring revocation. Although we do not deem the quoted statement and response as an admission of conflict but of representation of both Haynes and ISA, nevertheless, a conflict of interest is an improper basis for revocation of pro hac vice status. See id.; Srour v. Srour, 733 So.2d 593 (Fla. 5th DCA 1999). “ ‘[A] party ... does *985 not have standing to seek disqualification where, as here, there is no privity of contract between the attorney and the party claiming a conflict of interest.”’ THI Holdings, 93 So.3d at 424 (quoting Cont’l Cas. Co. v. Przewoznik, 55 So.3d 690, 691 (Fla. 3d DCA 2011)). Therefore, revocation based upon conflict of interest is a departure from the essential requirements of law.
The court also found that Dugan had engaged in the unauthorized practice of law by representing Haynes, ISA’s software writer, at his deposition. Dugan was granted pro hac vice status “for this cause only.” He appeared at the deposition on behalf of both ISA and Haynes, the scope of whose work appears to be the central issue in the case. Florida Bar Rule 4-5.5(c)(2) permits a lawyer authorized to practice in another United States jurisdiction to practice law on a temporary basis in Florida where the legal services “are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer is authorized by law or order to appear in such proceeding....” (Emphasis supplied). Here, Dugan obtained authorization to appear in this proceeding. The order did not specify that he could represent only ISA. In fact, the interests of ISA and Haynes are aligned, and appearing on behalf of Haynes would be similar to appearing on behalf of an employee of ISA. Certainly, Dugan’s representation was reasonably related to the pending proceeding. This limited representation does not constitute the unauthorized practice of law or a violation of the disciplinary rules of the bar where pro hac vice status had been granted for the cause.
Moreover, we conclude that the motion to revoke was not made with reasonable promptness. “A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion.” Transmark, USA, Inc. v. State, Dep’t of Ins., 631 So.2d 1112, 1116 (Fla. 1st DCA 1994) (citations omitted). “The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case.” Id. at 1116 (citing Cox v. Am. Cast Iron Pipe Co., 847 F.2d 725, 729 (11th Cir.1988)). Here, Phuture’s counsel was well aware of the facts, and at the deposition and in subsequent pleadings, Phuture made reference to its contention that Dugan had exceeded his pro hac vice status. Despite this, it waited until nine months after the deposition to file a motion to revoke Du-gan’s status. It apparently did not object to Dugan’s representation of Haynes’ interest at the motion to compel which was heard in December 2011. Three months later it filed its motion to revoke. Under these circumstances, we conclude that the motion was delayed unreasonably.
For these reasons, we quash the order revoking attorney Dugan’s pro hac vice status and order his reinstatement as an attorney pro hac vice in this case.
POLEN and TAYLOR, JJ., concur.