PER CURIAM.
Petitioner challenges an order that denied his Louisiana attorney’s motion to appear pro hac vice in the underlying litigation. Because the motion was sufficient, and there were no legally sufficient reasons to deny the motion, we grant the petition for writ of certiorari.
Florida Rule of Judicial Administration 2.510(a) provides that a foreign attorney must file a verified motion to appear as counsel showing that he or she is a member in good standing of the bar of another state. The court may grant permission if the motion provides all of the information required by rule 2.510(b), if the foreign attorney is qualified under the rule, and if the foreign attorney has associated local counsel who is a member of The Florida Bar. The motion in this case provided all the necessary information, and the foreign attorney met all the qualifications.
Irreparable harm in denying the motion is two-fold. First, a party is deprived of counsel of choice. Info. Sys. Assocs., Inc. v. Phuture World, Inc., 106 So.3d 982, 984 (Fla. 4th DCA 2013). Second, the denial or revocation of counsel’s admission has future adverse consequences on the attorney. Id.; see also Brooks v. AMP Servs. Ltd., 979 So.2d 435, 437-38 (Fla. 4th DCA 2008).
The trial court’s view that the attorney needed to show a “special background,” suitable to the type of litigation in which the attorney appears, departs from the essential requirements of law. Neither the rule nor case law requires such a showing.
Although the trial court has discretion in determining whether to grant pro hac vice status, that discretion is not unlimited or absolute. See Brooks, 979 So.2d at 439. “[T]he ruling should be based on matters that appear of record before the court.” THI Holdings, LLC v. Shattuck, 93 So.3d 419, 423 (Fla. 2d DCA 2012) (quoting Huff v. State, 569 So.2d 1247, 1249-50 (Fla. 1990)). “For example, something which easts doubt upon whether the applicant is actually a member of the bar of another jurisdiction or whether ... the applicant is a member in good standing [within his designated jurisdiction] may support a denial of the motion.” Id. (quoting Huff, 569 So.2d at 1250) (emphasis omitted). None of those reasons are apparent in this record.
Consequently, we grant the petition and quash the order that denied the motion to appear pro hac vice.

Petition granted.

WARNER, STEVENSON and MAY, JJ., concur.