An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IMPERIAL CREDIT CORPORATION D/B/A A.I. CREDIT CORPORATION; A NEW HAMPSHIRE CORPORATION; AND THOMAS VAIL,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JESSIE ELIZABETH WALSH, DISTRICT JUDGE,
Respondents,
and
LEERAD, LP; VIRGINIA BELT; AND PATRICIA MCGILL,
Real Parties in Interest.

No. 65737

**FILED**

JUN 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges the district court's denial of petitioners' motion to associate pro hac vice counsel.

Petitioners' original counsel, attorney Andras Babero of the law firm Black & Lobello, left the firm and a newly hired attorney took over the defense of petitioners' case, which is set for trial starting on June 16, 2014. Concerned that new counsel was not familiar with their line of business, petitioners also retained out-of-state attorneys Cynthia G. Burnside and A. Andre Hendrick, whom had previously handled cases for petitioners, to represent them in the district court. Ms. Burnside and Mr. Hendrick subsequently completed applications for pro hac vice admission, with all necessary supporting materials, paid additional monies to

expedite the process, and submitted their applications with a motion to associate counsel on April 30, 2014. *See* SCR 42(3) (setting forth the requirements for applying for pro hac vice admission). Thereafter the district court denied the motion without a hearing, citing SCR 42(6) (making the grant or denial of a motion to associate counsel discretionary), but failed to otherwise explain its ruling. Petitioners' subsequent motion for reconsideration was denied, and this petition followed. As directed, both respondent, the Honorable Jessie Walsh, District Judge, and real parties in interest have filed answers to the petition and petitioners have filed a reply.

The resolution of a motion to associate pro hac vice counsel rests within the district court's discretion. SCR 42(6). And a writ of mandamus is available to control a district court's arbitrary or capricious exercise of its discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008).

In seeking mandamus relief, petitioners argue that Ms. Burnside and Mr. Hendrick met all of the requirements for pro hac vice admission and that petitioners did not intend to delay the underlying trial by seeking to associate these attorneys. Despite petitioners' repeated assertions, both in this court and below, that they did not want to continue or otherwise delay the trial, both Judge Walsh and real parties in interest contend that the motion to associate counsel was properly denied because granting the request would delay trial to the prejudice of real parties in interest.

Aside from the asserted potential to delay the trial, our review of the documents before us reveals no other basis for denying the motion to associate counsel. Both Ms. Burnside and Mr. Hendrick met all of the

requirements for pro hac vice admission, as they are members in good standing in the jurisdictions in which they are admitted, have no disciplinary actions against them, and have not previously applied for pro hac vice admission. *See* SCR 42(4) (setting forth the requirements for requesting pro hac vice admission); SCR 42(6)(a) (labeling more than five pro hac vice appearances in three years as excessive, unless special circumstances exist). And while Judge Walsh asserts that petitioners failed to demonstrate that Ms. Burnside and Mr. Hendrick were better able to represent them than their current counsel, SCR 42 does not require such a showing in order to associate pro hac vice counsel.

While we recognize the concerns expressed by Judge Walsh and real parties in interest over the prejudice that would be caused by a potential delay in the trial, given petitioners' repeated assertions that they do not want to continue or otherwise delay the trial, this concern can be addressed through the district court's resolution of a motion for a continuance if petitioners make such a request. Thus, under the circumstances presented here, we conclude that the district court's refusal to allow petitioners to associate pro hac vice counsel who met all of the requirements for admission was an arbitrary and capricious exercise of discretion. *See Tobacco Superstore, Inc. v. Darrough*, 207 S.W.3d 511, 517 (Ark. 2005) (holding that the district court abused its discretion in denying pro hac vice admission to counsel that met all state requirements for admission); *THI Holdings, LLC v. Shattuck*, 93 So. 3d 419, 423 (Fla. Dist. Ct. App. 2012) (providing that, while the resolution of a request for pro hac vice admission rests within the district court's discretion, such applications "should usually be granted on a pro forma basis if it is facially sufficient and if the attorney is a member in good standing of the bar of

another jurisdiction"); *cf. Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 53, 152 P.3d 737, 743 (2007) (holding that a party's interest in being represented by counsel of its choice must be considered before disqualifying a party's attorney).

Accordingly, we grant the petition. The clerk of this court shall issue a writ of mandamus directing the district court to vacate the order denying the motion associate pro hac vice counsel and to instead enter an order granting that motion.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Snell & Wilmer, LLP/Las Vegas
       Rainey Legal Group, PLLC
       Eighth District Court Clerk

---

[1]In light of our resolution of this matter, we deny as moot petitioners' stay motion.

As this matter warranted our expedited consideration and decision, this order is being entered for the purposes of providing the parties immediate resolution. Because this writ petition raises important legal issues in need of clarification, however, an opinion in this matter will be forthcoming.