130 Nev., Advance Opinion 59

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IMPERIAL CREDIT CORPORATION
DBA A.I. CREDIT CORPORATION, A
NEW HAMPSHIRE CORPORATION;
AND THOMAS VAIL,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JESSIE ELIZABETH WALSH,
DISTRICT JUDGE,
Respondents,
and
LEERAD, LP; VIRGINIA BELT; AND
PATRICIA MCGILL,
Real Parties in Interest.

No. 65737

FILED

AUG 0 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to associate out-of-state counsel.

*Petition granted.*

Snell & Wilmer, LLP, and Kelly H. Dove and Leon F. Mead, II, Las Vegas, for Petitioners.

Rainey Legal Group, PLLC, and Patrick C. McDonnell and Charles C. Rainey, Las Vegas, for Real Parties in Interest.

BEFORE HARDESTY, DOUGLAS and CHERRY, JJ.

*OPINION*

PER CURIAM:

Following the departure of their attorney from the law firm representing them, petitioners sought to associate out-of-state counsel in

the underlying action. Although these attorneys met all of SCR 42's requirements for admission to practice, the district court denied the motion to associate, out of concern that granting the request would delay the imminent start of trial and because petitioners failed to show that out-of-state counsel were better able to handle the case than their local counsel. The question we must determine is whether a district court may deny a motion to associate out-of-state counsel who satisfy all of SCR 42's requirements. We conclude that such motions should generally be granted as a matter of course and that, in resolving such a request, the district court should typically limit its analysis to the requirements for admission set forth in SCR 42.

In the instant petition, we hold that the possibility of delay did not provide a valid basis for denying the association request, as petitioners repeatedly stated that they did not wish to delay trial and the district court itself can control whether a delay occurs through its resolution of any requests to continue the trial. Further, any reliance by the district court on petitioners' purported failure to prove that out-of-state counsel was more capable of handling their case was improper, as SCR 42 contains no such requirement. The denial of the motion to associate was therefore an arbitrary and capricious exercise of the district court's discretion, and extraordinary relief was warranted to compel the district court to reverse this determination.

## FACTS AND PROCEDURAL HISTORY

Petitioners Imperial Credit Corporation, d.b.a. A.I. Credit Corporation, and Thomas Vail (collectively, Imperial Credit) were initially represented by Andras Babero of the law firm Black & Lobello in the

defense of a lawsuit filed by real parties in interest Leerad LP, Virginia Belt, and Patricia McGill (collectively, Leerad). Several months before trial was scheduled to commence, Babero resigned his employment with Black & Lobello and a newly hired attorney at the firm was assigned to Imperial Credit's case. Concerned that new counsel was not sufficiently familiar with its insurance premium financing business to adequately represent it, Imperial Credit retained out-of-state attorneys Cynthia G. Burnside and A. Andre Hendrick, both of whom had previously handled similar cases for the company. After Burnside and Hendrick complied with SCR 42(3)-(4)'s procedural requirements for out-of-state attorneys seeking admission to practice in Nevada courts, the company's local counsel filed in the district court a motion to associate Burnside and Hendrick. *See* SCR 42(3)(c).

Without conducting a hearing on the motion, the district court summarily denied it citing only SCR 42(6), which places the decision to grant or deny a motion to associate within the district court's discretion. Imperial Credit subsequently sought reconsideration of that decision, which was also denied, and this emergency writ petition followed.

As directed, both respondent the Honorable Jessie Walsh, District Judge, and real party in interest Leerad have filed answers to the petition, and Imperial Credit has filed a reply. Because of the need for expedited resolution of the writ petition in advance of the impending June 16, 2014, trial date, this court granted extraordinary relief through an unpublished order with the caveat that an opinion would follow as the petition raised important issues in need of clarification. We now explain our holding.

## DISCUSSION

### Standard of review

A writ of mandamus is available to control a district court's arbitrary or capricious exercise of its discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. While the consideration of a writ petition is within this court's sole discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), this court may address the merits of a petition that presents important issues in need of clarification. *Mineral Cnty. v. State, Dep't of Conservation & Natural Res.*, 117 Nev. 235, 243, 20 P.3d 800, 805 (2001). Because the propriety of a district court's denial of a motion to associate out-of-state counsel who satisfies all of SCR 42's admission requirements constitutes an important legal issue requiring clarification, and because Imperial Credit has no plain, speedy, and adequate remedy at law, we exercise our discretion to consider the merits of this petition. NRS 34.170; *Mineral Cnty.*, 117 Nev. at 243, 20 P.3d at 805.

### The practice of attorneys not admitted in Nevada

In challenging the denial of its motion to associate out-of-state counsel, Imperial Credit argues that the district court's decision was improper because Burnside and Hendrick met all of the requirements for pro hac vice admission set forth in SCR 42. In response, Judge Walsh contends that Imperial Credit failed to demonstrate that Burnside and Hendrick were better able to represent it than their local counsel. And both Judge Walsh and Leerad assert that allowing Imperial Credit to associate new counsel shortly before trial would delay trial to the prejudice of Leerad, and thus, denying the motion to associate was a proper exercise of the district court's discretion.

 

SCR 42 authorizes an attorney licensed to practice law in another state, but not currently admitted to practice law in Nevada, to apply for a limited admission to practice in a particular action or proceeding pending in Nevada state courts. The admission of out-of-state counsel to practice in a state's courts under these circumstances is routinely referred to as pro hac vice admission. *See Belue v. Leventhal*, 640 F.3d 567, 569 (4th Cir. 2011) (defining pro hac vice admission as a temporary admission "'for the purpose of conducting a particular case'" (quoting *Black's Law Dictionary* 1331 (9th ed. 2009))). In Nevada, an attorney seeking pro hac vice admission must file a verified application with the State Bar of Nevada and provide, among other things, certificates of good standing from the states where the applicant attorney has been admitted, information regarding the attorney's disciplinary history, and whether the attorney has previously applied for pro hac vice admission in Nevada within the last three years. SCR 42(3)-(4). If the State Bar grants the application, then local counsel may file a motion to associate the attorney in the district court. SCR 42(3)(c).

The resolution of a motion to associate out-of-state counsel rests within the district court's discretion. SCR 42(6). But this court has also recognized the importance of allowing parties to be represented by the counsel of their choice. *See Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 53, 152 P.3d 737, 743 (2007) (holding that a party's interest in being represented by counsel of its choice must be considered before disqualifying a party's attorney); *Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1257, 148 P.3d 694, 702 (2006) (holding that when a party's right to counsel of its choice conflicts with a judge's duty to sit, the party's right generally prevails). Thus, in light of the importance ascribed

to a party's right to select the counsel of his or her choice, the issue becomes whether the district court may properly deny a motion to associate out-of-state counsel when the prospective applicant meets all of the requirements for admission set forth in SCR 42.

We have not previously addressed the propriety of a district court's denial of a motion to associate out-of-state counsel under these circumstances, but other courts that have addressed this issue have concluded that there is generally no good reason to deny a motion to associate in the situation presented by this case. *See THI Holdings, L.L.C. v. Shattuck*, 93 So. 3d 419 (Fla. Dist. Ct. App. 2012) (concluding that when out-of-state counsel meet all of the requirements for pro hac vice admission, the motion for admission should typically be granted); *Tobacco Superstore, Inc. v. Darrough*, 207 S.W.3d 511, 517 (Ark. 2005) (determining that, when the pro hac vice applicant meets all of the requirements for admission, "there [is] simply no good reason" to deny the request for admission). The Florida District Court of Appeal's decision in this regard in *THI Holdings* is particularly persuasive.

In *THI Holdings*, the court addressed a trial court's reliance on criteria not contained in Florida's rule governing pro hac vice admission to deny a motion for admission brought by out-of-state counsel who met all of the requirements for admission to practice in Florida courts. 93 So. 3d at 424-25. The *THI Holdings* court began its analysis by noting that, while the denial of such a motion rests within the district court's discretion, the ruling should nonetheless be based on matters appearing in the record before the court, such as information casting doubt upon the applicant's admission to practice in other states or whether the applicant is in good standing in the jurisdictions in which he or she has been

admitted. *Id.* at 423. Further, the court held that the discretionary nature of such motions does not free the district court to deny the request on any grounds that it sees fit, and thus, when out-of-state counsel satisfies all of the requirements set forth in the rule governing pro hac vice admission in Florida, the motion "should usually be granted on a pro forma basis." *Id.* As a result, the *THI Holdings* court determined that the failure of the subject attorney to meet criteria outside of the established requirements for admission cannot constitute "legally permissible" grounds for refusing to admit out-of-state counsel to practice. *Id.* at 424. Accordingly, the court concluded that because the out-of-state attorney met all of the rule-based requirements for admission, extraordinary relief was warranted to rectify the district court's denial of the motion to admit counsel to practice. *Id.* at 424-25.

Similar to the situation presented in *THI Holdings*, in Nevada, SCR 42(6) places the resolution of a motion to associate out-of-state counsel within the district court's discretion. But the district court's discretion in this regard is not unlimited. Instead, the district court's "'discretionary power is subject only to the test of reasonableness, [which] requires a determination of whether there is logic and justification for the result. The trial courts' discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner.'" *THI Holdings*, 93 So. 3d at 423 (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)). Stated another way, such discretion is improperly exercised "'when the judicial action is arbitrary, fanciful, or unreasonable,'" or "'where no reasonable [person] would take the view adopted by the trial court.'" *Id.* at 422-23 (quoting *Canakaris*, 382 So. 2d at 1203); *see also Goodman v. Goodman*, 68 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

484, 487, 236 P.2d 305, 306 (1951) (noting, in examining the exercise of judicial discretion, that a "court cannot act oppressively or arbitrarily under pretence of exercising discretion. Such arbitrary or oppressive action under color of exercising discretion is called abuse of discretion." (internal citations omitted)).

Under these circumstances, we adopt the position taken by the *THI Holdings* court and conclude that, when prospective pro hac vice counsel satisfies all of the requirements for admission under SCR 42, and a proper motion to associate out-of-state counsel is filed in accordance with that rule, the motion to associate should generally be granted as a matter of course. *THI Holdings*, 93 So. 3d at 423. And when considering a motion to associate, the district court should generally limit its analysis to the requirements for pro hac vice admission set forth in SCR 42, such that the consideration of criteria outside those set forth in that rule may well constitute an arbitrary and capricious exercise of the district court's discretion. *THI Holdings*, 93 So. 3d at 422-23.

Applying this rule to the motion to associate at issue here, our examination of the district court's denial of Imperial Credit's motion to associate Burnside and Hendrick necessarily begins with the fact that these attorneys met all of SCR 42's admission requirements. Among other things, both attorneys are in good standing with the state bars of the jurisdictions in which they are admitted, they have had no disciplinary actions taken against them, and they have not previously applied for pro hac vice admission in this state. *See generally* SCR 42 (setting forth the requirements and procedures for requesting and obtaining pro hac vice admission); SCR 42(6)(a) (labeling more than five pro hac vice

SUPREME COURT
OF
NEVADA

(O) 1947A

8

appearances in three years as excessive, unless special circumstances exist).

Despite Burnside's and Hendrick's complete satisfaction of SCR 42's admission requirements, however, the district court nonetheless denied Imperial Credit's motion to associate these attorneys, apparently out of concern that granting the motion shortly before trial would delay the resolution of the underlying case. But as Imperial Credit points out, it has repeatedly asserted that it has no desire to delay the trial, and if Imperial Credit were to later seek to continue the trial based on its retention of new counsel, the district court itself has the power to prevent any delay of trial through the exercise of its discretion to deny any such request. *See Bongiovi v. Sullivan*, 122 Nev. 556, 570, 138 P.3d 433, 444 (2006) (noting that the grant or denial of a trial continuance rests within the district court's discretion). As a result, the assertion that Imperial Credit's association of out-of-state counsel might delay trial cannot possibly provide a valid basis for denying the motion to associate.

Additionally, to the extent that Judge Walsh justified her denial of the motion to associate by asserting that Imperial Credit failed to demonstrate that out-of-state counsel was more capable of handling its case than local counsel, her reliance on this position was misplaced. Nothing in SCR 42 requires a party seeking to associate out-of-state counsel to demonstrate that prospective counsel is more capable of handling its case than local counsel. Thus, the reliance on this factor, which lies outside of SCR 42's requirements to deny the motion to associate constitutes an arbitrary and capricious exercise of the district court's discretion. *THI Holdings*, 93 So. 3d at 423.

## CONCLUSION

The district court's refusal to allow Imperial Credit to associate pro hac vice counsel who met all of the requirements for admission was an arbitrary and capricious exercise of discretion. We therefore granted the petition. Accordingly, the clerk of this court issued a writ of mandamus directing the district court to vacate its order denying the motion to associate pro hac vice counsel and to instead enter an order granting that motion.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A