# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-1598
Lower Tribunal No. 2015-CA-010943-O

_____

LUKE BEGONJA, ROBERT F. PRINCE, and KENT M. MCCAIN,

Petitioners,

v.

WYNDHAM VACATION RESORTS, INC., WYNDHAM VACATION OWNERSHIP, INC., and WYNDHAM VACATION MANAGEMENT, INC.,

Respondents.

_____

Petition for Writ of Certiorari to the Circuit Court for Orange County.
John E. Jordan, Judge.

November 17, 2023

STARGEL, J.

Petitioners, Luke Begonja ("Begonja") and two of his attorneys, Robert F. Prince ("Prince") and Kent M. McCain ("McCain"), petition this Court under Florida Rule of Appellate Procedure 9.100(c) for a writ of certiorari quashing the trial court's orders denying the motions for admission to appear pro hac vice filed by Prince and McCain in the underlying case.[1]  Article V, section 4(b) of the Florida

---

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

Constitution provides that the district courts of appeal have jurisdiction to issue writs of certiorari. *See also* Fla. R. App. P. 9.030(b)(2)(A). Because the orders denying pro hac vice admission do not adequately specify the reasonable and legally permissible basis for the denial, we quash the orders and remand this matter to the trial court for further consideration.

## Background

The case below was initiated in December 2015 and was one of ten related cases. The facts of the underlying case are not relevant to the analysis here. For discovery purposes, the trial court consolidated this case with the other nine related cases. A stay was entered while two of the related cases were litigated as "test cases." The trial court granted motions for admission pro hac vice by McCain and Prince in the other cases, but they did not move for admission in this case at that time. Still, they participated in some discovery related to this case. McCain's brother, Kevin McCain, whose law office is separate from both McCain and Prince, was admitted pro hac vice to represent other litigants in two of the related cases but not this case. Kevin McCain sent a series of emails in related cases to Respondents' General Counsel and Respondents' in-house counsel, without copying their outside counsel of record in the cases. Many of the emails were inappropriate and raised ethical concerns under the Rules Regulating the Florida Bar, which all counsel who are admitted pro hac vice are bound to uphold. In one of the emails, Kevin McCain threatened to release Respondents' confidential materials in violation of a

confidentiality agreement in order to coerce a settlement with Respondents. Kevin

McCain copied McCain and Prince on many of the emails.[2]  Subsequently, Kevin

---

[2] The July 1, 2022, Order on the Emergency Motion for Temporary Injunctive
Relief provided:

> Mr. McCain specifically threatened to disclose documents
> produced under protection of a Confidentiality Order in
> this litigation to specified media outlets including the
> Orlando Sentinel, Miami Herald, Tampa Bay Times, Sun
> Sentinel, and CBS News.  He further threatened to post the
> confidential documents directly to a website he had
> created called "wyndhamleaks.com" and make the
> confidential documents available to the public at large.
>
> . . . .
>
> While Mr. McCain was the author of the subject emails, other
> Plaintiffs' counsel were copied on prior emails in which Mr.
> McCain directly contacted Defendants' in-house and outside
> counsel and made threats.  For example, Plaintiffs' Counsel
> Robert Prince and Kent McCain were copied on Mr.
> McCain's January 11, 2022 email accusing Defendants'
> counsel of misconduct; his April 19, 2022 email to
> Defendants' counsel that he would refuse to work with that
> counsel because of an alleged "pattern of misconduct and
> dishonesty"; his April 22, 2022 email suggesting he would
> refer Defendants' counsel for an ethics violation; his April
> 25, 2022 email contacting Defendants directly, in which he
> did not copy Defendants' counsel; his April 26, 2022 email
> to Defendants' counsel representing that Defendants'
> counsel would be disbarred, that he had made a criminal
> referral to the FBI, and that he planned to file ethics
> complaints with two different state bars as to Defendants'
> General Counsel; and his May 16, 2022 email to the personal
> email address of Defendants' General Counsel stating that
> Mr. McCain had filed State Bar and criminal complaints
> against Defendants' counsel.  It was on this factual record

McCain withdrew from representation in the other related cases, and the trial court directed McCain and Prince to file affidavits in some of the related cases demonstrating their lack of knowledge and involvement in Kevin McCain's actions. Respondents dispute whether the affidavits filed comply with the trial court's directives in those cases.

After all the related cases were resolved except the present case, McCain and Prince filed the motions for pro hac vice admission at issue. Respondents objected to McCain and Prince being admitted.[3] The trial court denied the motions for admission pro hac vice, and this petition for writ of certiorari followed.

**Standard of Review**

---

that this Court entered its June 7, 2022 Order to Show Cause. This Court found "irreparable injury would occur" if Mr. McCain disclosed the information protected by the Confidentiality Order, especially in light of Mr. McCain's own statements that such a disclosure is intended to harm Defendants' reputation and financial wellbeing. This Court recognized that Mr. McCain showed an "indifference" to the Court's prior Confidentiality Order and that he had "brazenly threatened to weaponize protected information" unless his settlement demands were met.

(Citations omitted).

[3] Respondents did not oppose the concurrent applications for pro hac vice admission of Begonja's other out of state counsel, Christopher Driver and Brett Ialacci. However, Respondents oppose McCain's and Prince's pro hac vice admissions because of their "unique and intimate involvement in the misconduct, the failure of Petitioner Begonja's counsel to provide affidavits with personal knowledge regarding the misconduct, and new evidence related to the misconduct that had since been discovered."

4

To obtain relief via writ of certiorari, a petitioner must establish the following three elements: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Reeves v. Fleetwood Homes of Fla.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder*, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)).

"Certiorari is available to review orders denying a motion to appear pro hac vice." *Brooks v. AMP Servs., Ltd.*, 979 So. 2d 435, 437 (Fla. 4th DCA 2008). Because such orders potentially deprive a party of counsel of choice and create "future adverse consequences on the attorney," they cause irreparable harm. *Kelley v. Kelley*, 123 So. 3d 692, 693 (Fla. 4th DCA 2013); *accord THI Holdings v. Shattuck*, 93 So. 3d 419, 422 (Fla. 2d DCA 2012). "Moreover, because the attorney is barred from further involvement, he has no remedy on appeal." *Info. Sys. Assocs. v. Phuture World*, 106 So. 3d 982, 986 (Fla. 4th DCA 2013). Still, parties are not entitled to their "counsel of choice" on every occasion because that is simply not contemplated by the rules. The trial court has discretion in determining whether to grant pro hac vice status, but that discretion is not unlimited or absolute. *Brooks*, 979 So. 2d at 439. Accordingly, the only question remaining here is whether the trial court departed from the essential requirements of law when it denied Petitioners' motions for admission pro hac vice.

5

## Analysis

Pursuant to Florida Rule of General Practice and Judicial Administration 2.510(a):

> Upon filing a verified motion with the court, an attorney who is an active member in good standing of the bar of another state and currently eligible to practice law in a state other than Florida *may* be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record.

(Emphasis added). The rule goes on to state that "[i]n determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, *among other things*, information provided under subdivision (b)(3) concerning discipline in other jurisdictions." *Id.* (emphasis added). Subdivision (b)(3) provides that the verified motion must include:

> (3) a statement identifying all jurisdictions in which a judicial officer or the entity responsible for attorney regulation:
>
> (A) initiated disciplinary, suspension, disbarment, or contempt proceedings against the attorney in the preceding 5 years including the date on which the proceeding was initiated, the nature of the alleged violation, and the result of the proceeding including any sanction, or
>
> (B) disciplined, suspended, disbarred, or held in contempt the attorney in the preceding 5 years including the date on which the sanction was entered and the nature of the violation.

Fla. R. Gen. Prac. & Jud. Admin. 2.510(b)(3).

6

This language makes clear that pro hac vice admission is not automatic and that the decision whether to admit is within the sound discretion of the trial court. *See* Fla. R. Gen Prac. & Jud. Admin. 2.510(a). "The trial court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result." *Huff v. State*, 569 So. 2d 1247, 1249 (Fla. 1990) (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)). The language in rule 2.510(a), stating that "the court may consider, *among other things*, information provided under subdivision (b)(3) concerning discipline in other jurisdictions," gives the trial court considerable discretion to determine whether to admit an attorney pro hac vice. (Emphasis added). It does not limit the trial court to the factors set forth in rule 2.510(b)(3).[4]

"Although the denial of such a motion is within the discretion of the trial court, the ruling should be based on matters that appear of record before the court." *Trans Health Mgmt. v. Webb ex rel. Webb*, 132 So. 3d 1152, 1155 (Fla. 1st DCA 2013)

---

[4] *See, e.g.*, *Prewitt Enters. v. Tommy Constantine Racing*, 185 So. 3d 566, 570–71 (Fla. 4th DCA 2016) ("One proper reason for denying a pro hac vice motion is if granting it will 'adversely impact[] the administration of justice.' . . . We do not necessarily agree the evidence relied upon by the trial court actually established that Wilenchik's [pro hac vice] appearance would adversely impact the administration of justice or disrupt the proceedings. However, the question on appeal is not whether the evidence established problems with Wilenchik's motion being granted in our minds, but whether 'no reasonable [person] would take the view' that Wilenchik's appearance would affect the administration of justice." (first and third alterations in original) (first quoting *Brooks*, 979 So. 2d at 438; and then quoting *Canakaris*, 382 So. 2d at 1203)).

7

(quoting *Huff*, 569 So. 2d at 1249–50).  A court's denial of a motion for admission without a reasonable and legally permissible basis constitutes a departure from the essential requirements of law.  *THI Holdings*, 93 So. 3d at 423.[5]

Prince and McCain each filed facially sufficient motions.  There is no suggestion or evidence that either McCain or Prince have ever had disciplinary, suspension, disbarment, or contempt proceedings initiated against them, and they are eligible to practice law in Alabama.  The written orders denying pro hac vice admission to Prince and McCain do not set forth the reasons why the trial court denied the motion.  However, the trial court orally gave the following reasons for denying the motions at the hearing:

> I'm denying the request.  Besides practicing law in a Florida case without having a Bar membership or a court order, which is very disconcerting, we already had history in this case with Mr. McCain's brother that either you or Mr. Curry is denying that you were aware of what he was doing.  I've had problems with pro hac vice counsel in the past.  I have seen actions that are very disturbing and have withdrawn them from the case.  I've also denied, you know, six figures of attorneys' fees where they never got an order.  They filed a motion but didn't get the order so I take it very serious to practice law in Florida, and under all of the facts that I've read here and I'm familiar with, I'm denying that request.  You know, this is a seven-year-

---

[5] Although we agree there must be a reasonable and legally permissible basis to deny a motion for admission pro hac vice, we would not go as far as our sister courts in saying that a motion should usually be granted on a pro forma basis if it is facially sufficient and if the attorney is a member in good standing of the bar of another jurisdiction.  *See, e.g.*, *Prewitt Enters.*, 185 So. 3d at 570; *Trans Health Mgmt.*, 132 So. 3d at 1154; *THI Holdings*, 93 So. 3d at 423.  We believe the plain language of the rule itself contradicts this notion.

8

old case. I understand Mr. Begonja would like to have them in but this is a seven-year-old case set for trial coming up.

The trial judge's oral pronouncement addressed four specific issues and then made a general statement that seems to address the totality of the issues. The specific issues are the unlicensed practice of law, the timing of the request based on the age of the case, the problems with other attorneys who appeared pro hac vice in the past before the trial judge, and the history and background of this case (and the related cases) as it pertains to Kevin McCain.

As for the trial court's concerns regarding the unlicensed practice of law, Rule Regulating the Florida Bar 4-5.5(c)(2) provides:

> A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted under this rule, may provide legal services on a temporary basis in Florida that are . . . in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer is authorized by law or order to appear in the proceeding *or reasonably expects to be so authorized*.

(Emphasis added). The comments to the rule explain that providing legal services on a temporary basis in Florida can include taking depositions in Florida. *See In re Amends. to Rule Regulating Fla. Bar 4-5.5*, 334 So. 3d 1272, 1280 (Fla. 2022). The fact that McCain and Prince had been admitted in the other related cases, and this case was consolidated with those cases for discovery purposes, presents a reasonable

9

expectation that they would be admitted in this case. The act of taking and defending depositions in the case below, if this was their sole involvement, cannot be deemed the unlicensed practice of law under these facts. Thus, this is not a reasonable basis to deny pro hac vice admission without additional findings by the trial court.

Our sister courts have also not embraced denying pro hac vice admission solely on the age of the case, even in cases where a request was made on the day of trial. *See Trans Health Mgmt.*, 132 So. 3d at 1155 ("We cannot find, and Webb has not provided, any decision by a Florida appellate court holding or suggesting that the filing of a motion to appear pro hac vice on the day of trial is a legally permissible basis upon which to deny such a motion."). We are not convinced that the rule requires this result or that it is a per se abuse of a trial judge's discretion to deny a motion based solely on the timing of such requests. If a party's request to substitute a member of the Florida Bar into their case can be denied on reasonable grounds shortly before trial subject to an abuse of discretion standard, so must an out-of-state attorney be subject to this same standard for substitution of counsel. "Approval should be denied by the court only in rare circumstances, when demonstrated that withdrawal would interfere with the efficient and proper functioning of the court. Illustrative of such rare circumstances are cases in which counsel seeks to withdraw shortly before trial." *Elton v. Dougherty*, 931 So. 2d 201, 202 (Fla. 5th DCA 2006) (citation omitted). However, because the trial court below made no finding that the addition or substitution of counsel would impact the efficient and proper functioning

10

of the court (such as necessitating a continuance of the trial date), the denial on this basis was a departure from the essential requirements of the law. *See Parasailing Enters. v. Myers*, 659 So. 2d 1116 (Fla. 2d DCA 1995).

The trial court's reference to problems it has had with other out-of-state attorneys is not a reasonable basis to deny admission to these two attorneys. Unless the trial court was referring to McCain and Prince or attorneys with whom they were affiliated, or referencing actions in which they participated or were complicit, it is of no consequence here that the trial court has "seen actions that are very disturbing" and has withdrawn attorneys from other cases. Consequently, this was not a reasonable basis to deny Prince and McCain admission absent such findings.

As for the trial judge's statement that "we already had history in this case with Mr. McCain's brother," the record certainly reflects that Kevin McCain's actions were justifiably concerning. There were also issues involving Prince and McCain, including the potentially deficient responses to previously referenced court orders, as well as possible failure to appropriately report unethical behavior based on the conduct in the related cases.[6]

---

[6] *See* R. Regulating Fla. Bar 4-3.4(g), (h) ("A lawyer must not: . . . present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter; or present, participate in presenting, or threaten to present disciplinary charges under these rules solely to obtain an advantage in a civil matter."); R. Regulating Fla. Bar 4-8.3(a) ("A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects must inform the appropriate professional authority.").

The trial court's order after a hearing requesting an injunction against Kevin

McCain required, among other things, that Prince and McCain each file under oath

> a statement that shall: (1) Describe the steps taken by Plaintiffs' counsel
> to ensure no further access to Defendants' confidential documents by
> Mr. Kevin McCain, including the dates those steps were taken; (2)
> Explain the chain of custody of the Thumb Drive since it was received
> from Mr. Kevin McCain; and (3) as to Kent McCain, affirm that Kent
> McCain has not and will not provide access to any of Defendants'
> confidential documents.

Prince and McCain each filed affidavits stating that Kevin McCain was acting on his

own in sending the email and that they did not approve the email or authorize him

to send it. The trial court made no oral or written findings regarding the timeliness

or deficiency of such filings. Similarly, the trial court did not articulate in its oral

pronouncement or written orders any violations of the Rules Regulating the Florida

Bar.

Finally, we note that the trial court additionally stated it was denying the

motions "under all of the facts that I've read here and I'm familiar with." It is

possible that the trial court was relying on a reasonable and legally permissible

reason to deny admission when considering a totality of the circumstances before

the court when it denied the pro hac vice motions. While a trial court may justify

denial of pro hac vice admission based on a totality of the circumstances approach,

the trial court here did not orally specify permissible grounds or circumstances that

served as the basis for the denial, and the written order does not provide us with

adequate information to determine if a reasonable and legally permissible basis exists to deny the motions.

Accordingly, we grant the Petition for Writ of Certiorari and quash the Orders Denying Motion for Admission Pro Hac Vice. If, upon further consideration, the trial court determines the motions should be denied, it must adequately specify reasonable and legally permissible reasons for the denial.

PETITION GRANTED; ORDER QUASHED.

SMITH and MIZE, JJ., concur.


Landis V. Curry, III, of Paul Knopf Bigger, Tampa, for Petitioners.

Hal K. Litchford and Marisa R. Dorough, of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Orlando, for Respondents.

Sara M. Turner, of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Birmingham, Alabama, Pro Hac Vice, for Respondents.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED